Filed Dec. 10, 1889.

---

No. 13,812.

MILLER v. BURTON ET AL.

JUDGMENT.—*Default.*—*Court's Adjournment.*— *Vacation.*—Where a defendant, duly served with process, is notified to appear at a day in regular term, but by reason of the court's adjournment before the day fixed the appearance day falls in vacation, the action of the court in adjourning, it being the duty of the defendant to appear and defend, does not prejudice the rights of the plaintiff, and a default and judgment against the defendant will not be set aside.

From the Tippecanoe Superior Court.

*B. W. Langdon* and *T. F. Gaylord,* for appellant.

*G. O. Behm, A. O. Behm, J. F. McHugh* and *G. J. Eacock,* for appellees.

ELLIOTT, J.—The appellant filed the complaint contained

in the record asking that a default and judgment entered against him be set aside. The appellees demurred to the complaint, and the parties submitted the matter to the court for decision.

The complaint does not show an excuse for failing to appear and defend the original action. The facts bearing upon this question are these : On the 29th day of June, 1886, the appellees caused a summons to be issued, and, by proper endorsement, noted the 15th day of July, 1886, as the day on which the appellant was required to appear. Before the time fixed the court adjourned until the September term, but, at the time the summons was issued and served no order of adjournment had been made, so that the appellant was notified to appear at a day in regular term, and not at a day in vacation, as counsel erroneously assume. As the appellant was duly served with process it became his duty to appear and defend, and the action of the court in adjourning could not prejudice the rights of the appellees who had done all that the law required them to do.

The submission of the cause was such as the court and the parties had a right to treat as a submission for final decision. *Nord* v. *Marty,* 56 Ind. 531 ; *Slagle* v. *Bodmer,* 75 Ind. 330 ; *Brumbaugh* v. *Stockman,* 83 Ind. 583 ; *Clandy* v. *Caldwell,* 106 Ind. 256. It is, perhaps, true that where a demurrer is interposed the trial court may, in its discretion, permit an amendment of the complaint, but it is not bound to do so. In this instance there was clearly no abuse of this discretionary power.

Judgment affirmed.

Filed Dec. 12, 1889.