PETER J. CASEY *vs.* JUSTICE OF THE SUPERIOR COURT.

Suffolk.  November 23, 1917. — January 5, 1918.

Present: RUGG, C. J., BRALEY, PIERCE, & CARROLL, JJ.

*Mandamus. Constitutional Law,* Trial by jury. *Jury and Jurors. Attorney at Law. Practice, Civil.*

Neither by constitutional provision nor by statute is a petitioner for a writ of mandamus given a right of trial by jury of issues of fact raised by the pleadings.

It is within the discretionary power of a justice of this court in the matter of a petition for a writ of mandamus to allow a motion of the respondent to amend his answer.

While it would be proper, upon the hearing of a petition for a writ of mandamus commanding a justice of the Superior Court to recognize the petitioner as an attorney at law and counsel for the plaintiff in a suit pending for hearing before him, for the Attorney General to appear for the respondent, he is not required so to act, and it is proper for the respondent to be represented by members of the bar of the Commonwealth who hold no other official position in the Commonwealth.

It being a criminal offence for a disbarred attorney to continue to practice law, a petition by him for a writ of mandamus to compel a justice of the Superior Court to recognize him as an attorney at law and as counsel for the plaintiff in a suit in equity called for hearing before the justice must be denied.

PETITION, filed on January 18, 1916, for a writ of mandamus commanding a justice of the Superior Court to allow the petitioner to appear and act as counsel and as an attorney at law for the plaintiff in a suit in equity, Magann and the Brookline Taxi · Company against the Locomobile Company of America,

then pending in the Superior Court, and on January 18, 1916, called for hearing before the respondent.

The case was heard by *Crosby,* J.   The pleadings, material facts and the course of the hearing are described in the opinion. The single justice denied the petition on January 26, 1916, and on February 10, 1916, the petitioner filed the motion there mentioned to strike from the record the amended answer of the respondent and the appearance of his attorneys.   This motion was denied on April 6, 1916.

The petitioner alleged exceptions and also filed a claim of appeal.

*P. J. Casey, pro se.*

*G. D. Burrage,* (*W. G. Thompson* with him,) for the respondent.

BRALEY, J.   This is a petition for a writ of mandamus commanding the respondent, a justice of the Superior Court, to allow the petitioner to appear and act as counsel and as an attorney at law for the plaintiffs in a suit in equity pending in that court.

The answer not having admitted the allegations of the petitioner's employment, it was incumbent on him to offer some evidence that he had been retained.   But the exceptions state that "the petitioner offered no oral evidence."   Nor does it appear that any statements were made from which, if treated as evidence by consent of parties, this essential relation could be found.   But, as the case seems to have been tried before the single justice and was argued before us on the assumption that the relation of attorney and client existed, we treat the questions raised in the order shown by the record.

The request or demand for a trial by jury was denied rightly. "A petition for a writ of mandamus may be presented to a justice of the Supreme Judicial Court and he may, after notice, hear and determine the same."   R. L. c. 192, § 5.   The issuing of the writ is discretionary.   *McCarthy* v. *Street Commissioners,* 188 Mass. 338, 340.   A petition for mandamus was not triable to a jury when our Constitution was adopted and the petitioner does not present a case within art. 15 of the Declaration of Rights. *Attorney General* v. *Sullivan,* 163 Mass. 446.

It also is plain that the petitioner in the trial court could have saved all his rights by exceptions duly taken to the refusal of the respondent to recognize him as an attorney at law entitled to practice in our courts.

Nor is any error of law shown in the allowance of the respondent's motion to amend his answer, or in the refusal of the petitioner's motion to vacate the order and strike from the record the present answers and appearances of attorneys, even if an order previously had been entered denying the petition. Allowance of the respondent's motion was in the discretion of the single justice. And while it would have been proper for the Attorney General to have appeared for the respondent, he is not required to act, and the procedure followed is sanctioned by our decisions for over a century. *Commonwealth* v. *Justices of the Court of Sessions,* 5 Mass. 435. *Van Ingen* v. *Justices of the Municipal Court,* 166 Mass. 128. *Crocker* v. *Justices of the Superior Court,* 208 Mass. 162. *Ashley* v. *Justices of the Superior Court,* 228 Mass. 63.

The petitioner did not traverse, and, having joined issue, all the material facts alleged in the answer are to be taken as true. R. L. c. 192, § 5. *Hill* v. *Mayor of Boston,* 193 Mass. 569, 575. It is certain from the amended answer and from the record for which the single justice sent and which he had before him without any exception being taken, that at the time when the petitioner was denied recognition he had been disbarred and that the judgment of disbarment had not been modified nor annulled. *Boston Bar Association* v. *Casey,* 196 Mass. 100. It follows under R. L. c. 165, § 45, as amended by St. 1914, c. 432, making it a criminal offence for a disbarred attorney to continue thereafter to practice law, that the petition cannot be maintained. *Boston Bar Association* v. *Casey,* 227 Mass. 46.

*Exceptions overruled.*
*Appeal dismissed.*