STATE EX REL. FLAHERTY *v.* ERMSTON, SPECIAL JUDGE.
STATE EX REL. NYE *v.* ERMSTON, SPECIAL JUDGE.

[Nos. 26,635 and 26,636. Filed November 1, 1935.]

*Owens & Whetsel* and *Karrer, Pedew & Baker,* for relators.

*Oscar C. Hagemier* and *David Lewis,* for respondent.

TREANOR, C. J.—Each of the above named relators filed a petition in this court for an alternative writ of prohibition alleging in substance that he, the other relator, and one Tait were jointly indicted by the Marion county grand jury for the offenses of robbery, burglary, and larceny; that the defendant Tait filed his motion supported by affidavit for a change of venue from the judge of the Criminal Court of Marion County, which motion was granted by the court and the names of three

attorneys were submitted; that the prosecuting attorney and attorney for Tait each struck one name, leaving the name of respondent; that the relators refused to join in the motion for change of judge or in the striking, but that the respondent qualified as special judge and assumed jurisdiction of said cause, including the cause against these relators, all of which was done over their objection. It also appears that pleas in abatement to the jurisdiction of respondent were filed by relators and that relator Nye filed a motion for change of venue from the respondent as special judge on account of the bias and prejudice of such special judge, which pleas and motion were overruled.

Upon the showing made this court issued its temporary writ in each case, prohibiting and restraining the respondent from assuming any jurisdiction over relators and directing the respondent to show cause, if any there be, why such temporary writs should not be made permanent.

By his response respondent defends his action in assuming and exercising jurisdiction of the cause against relators and in overruling their pleas in abatement to his jurisdiction, on the ground that unless separate trials are ordered by the court, in accordance with the provisions of Acts 1935, ch. 92, p. 286, two or more defendants jointly charged with an offense shall be tried jointly, and the procuring of a change of judge by one of such co-defendants has the effect of transferring jurisdiction of the cause, including jurisdiction to try all the defendants, to the special judge so selected.

Relators, on the other hand, contend that the effect of granting a change of judge to one of two or more defendants jointly indicted, upon the sole application of that one, is to sever the defenses, leaving the defendant (or defendants) who does not apply for a change of judge to be tried before the regular judge. They cite

the case of *Shular* v. *State* (1886), 105 Ind. 289, 4 N. E. 870,[1] in support of their contention.

The question presented to this court in *Shular* v. *State, supra*, was whether a defendant, jointly indicted with another, had a right to be in court at the time his co-defendant's application for a change of judge was made or ruled upon. At the time of the decision in the Shular case a joint defendant enjoyed a statutory right to a change of judge and to a separate trial. In the opinion it was assumed that a joint defendant's individual or

---

1. "The appellant was jointly indicted with . . . Cunningham for the murder of . . . Lane. There were separate trials, and the appellant was convicted of manslaughter.

"The trial court entertained a motion by Cunningham for a change of judge and made an order for a change at a time when the appellant was not present, and this ruling is assigned for error.

"In our judgment the ruling was not erroneous. The statute expressly provides that parties jointly indicted may sever in their defences and may demand separate trials. The application for a change of judge by Cunningham was a declaration that he desired to sever in his defence, and that was a declaration he had a right to make whether the party jointly indicted with him was or was not present. It is not necessary for a party who claims a right to sever to make an explicit declaration of his election; it is sufficient if his acts are such as indicate an election to be separately tried.

"One of two defendants jointly indicted has a right to apply for a change of venue, and the effect of granting the order is to sever the defences, leaving the defendant who does not apply for a change to be tried in the court where the indictment was found, and carrying the trial of the other defendant to the court to which the cause was ordered upon his application. . . .

"As the motion made by Cunningham for a change of judge necessarily involved the declaration of an election to be tried separately, it follows that the appellant was not entitled to demand that he should be present when it was made and acted upon, since that matter concerned his co-defendant alone. Where there is a severance, it is not necessary that all who are jointly indicted should be in court when orders are made that affect one only of the defendants. It is, indeed, held by respectable courts, that the defendant need not be present when an application for a change of venue is made in his own behalf. . . . This rule is in harmony with the decision in *Epps* v. *State*, 102 Ind. 539, that a defendant need not be present at the hearing of motions, although he must be present on the trial. . . . We need not, however, go further in this instance than to declare that one of two defendants jointly indicted may apply for a change of judge, that the application involves a declaration of a demand for a separate trial, and that the presence of the person jointly indicted with the defendant, at the time the application is made or ruled on, is not required." *Shular* v. *State, supra.*

separate application for a change of judge was equivalent to a request to sever his defense and the opinion stated that the effect of a severance, brought about by a change left "the defendant who does not apply for a change to be tried in the court where the indictment was found" and carried "the trial of the other defendant to the court to which the cause was ordered upon his application." Since a joint defendant was entitled, as a matter of right, to a change of judge and a separate trial, this court properly treated the separate application of a joint defendant as equivalent to an application for severance of defense and correctly decided that the appellant's interests were not involved in his co-defendant's separate application for change of judge. But under the statute then in force a joint application for change of judge could not have been treated as an application for severance. And obviously an application for severance could not have been treated as an application for a change of judge. Consequently the assumption in the Shular case that an application by a joint defendant for change of judge amounts to an application for severance must be limited to the case of a separate and individual application for change of judge by a joint defendant when he has a right to both change of judge and severance of defense.

The foregoing distinctions were recognized in *Shockley* v. *State* (1924), 194 Ind. 321, 142 N. E. 850. This case involved a separate application for change of judge by a joint defendant in a criminal prosecution for a misdemeanor. The statute then in effect (§9-1804, Burns Ind. St. Ann. 1933, §2284, Baldwin's 1934, Acts 1905, ch. 169, §259, p. 584) provided that a defendant charged jointly with another could demand and was entitled, to be tried separately, if the indictment or affidavit was for a felony; but no similar statutory provision had been made for defendants jointly charged with a misde-

meanor. This court noted the cases of *Shular* v. *State, supra,* and *Jones* v. *State* (1899), 152 Ind. 318, 53 N. E. 222, cited by relators herein, and pointed out that the prosecutions in those cases were for felonies and that under the statute "each defendant was entitled to a separate trial"; but the court also pointed out that in the case under consideration, a prosecution for a misdemeanor, the granting of a separate trial was discretionary with the court and declared that an application for a change of venue from the judge "did not have the effect of severing the trial of two defendants."

The effect of Chapter 92, Acts 1935, is to require defendants, who are "jointly charged with an offense, whether a felony or misdemeanor," to be tried jointly, "unless the court, in its discretion . . . orders separate trials." The rule is now the same for all criminal prosecutions of joint defendants as it was for misdemeanors when this court decided the Shockley case. And, in harmony with the reasoning of that case, we hold that a change of judge, granted upon the separate and individual motion of a joint defendant, does not, in and of itself, effect a severance for trial. Consequently when a change of judge is validly granted the special judge acquires jurisdiction of the person of all defendants as well as of the subject matter of the offense charged. This follows from the fact that a joint offense is only one offense committed by two or more persons jointly; and, in the absence of statutory authorization to the contrary, no court can be required to sever defenses. The Act of 1935 authorizes a trial court "in its discretion" to grant separate trials. If the court refuses to grant a severance a defendant cannot obtain a separate trial by an application for change of judge.

This court must give effect to the provisions of both the change of judge and the separate trial statutes unless there is irreconcilable conflict between them. If

there is irreconcilable conflict then we must give effect to the latter statute, which is Acts 1935, ch. 92.

But we see no conflict between the provisions of the two statutes. The provisions of the former cover a change of judge when the offense is joint and no ██ severance is requested. Even when a joint defendant had the right to require a severance the joint defendants could ask for a change of judge without severance. Consequently the statute provides that the three names of eligible persons shall be submitted to "the parties in the action" and that from these three names "the State of Indiana, by the prosecuting attorney, for the plaintiff's side, and the defendant or *defendants,* shall immediately strike off one (1) of such names each." (Our italics.) Since in no event can more than three names be submitted it must be intended that "defendants" as a group can strike only one name. Thus the statute provided for a change of judge by joint defendants as a group when they did not elect to sever defenses. It equally fits the present situation when the trial court refuses to grant a severance, and, thereby, compels a change of judge for all defendants if a change is requested by all or by any one of the co-defendants.

It has been a long recognized rule in Indiana that in civil cases a change of judge does not sever the trial of joint defendants, though taken by one defendant only. *Peters* v. *Banta* (1889), 120 Ind. 416, 22 N. E. 95; *Krutz* v. *Howard* (1880), 70 Ind. 174.

Petitioners point out that they refused to strike and that the clerk did not strike for them. When only one joint defendant requests a change of judge it is ██ not necessary that the others join in the striking. If two or more ask for a change and cannot agree on the name to be stricken from the list, that should be treated as a refusal to strike and the clerk should be ordered to strike for them.

Since the Constitution of Indiana does not give the right of separate trial or change of judge we are concerned only with the construction of the statutes relating thereto and there is no contention that the Act of 1935 in any way violates any of petitioners' constitutional rights.

While we are holding that one or more joint defendants cannot prevent a change of judge for the trial of the cause; and also that such change does not *per se* effect a severance for trial, we recognize the possibility that a change of judge procured by one joint defendant might create a situation where it would be an abuse of discretion to refuse a separate trial for one or more of the defendants who do not seek a change of judge. By giving to the trial court discretion to order separate trials the statute contemplates that such discretion will be exercised to order a separate trial whenever a showing is made by a joint defendant that his interests will be jeopardized by the mere fact that he is compelled to be tried with his co-defendants. But any alleged abuse of discretion in refusing to order a separate trial is reviewable upon appeal and does not go to the jurisdiction of the regular or special judge.

It follows from the foregoing that the respondent, the Hon. James D. Ermston, as Special Judge of the Criminal Court of Marion County, acquired jurisdiction of relators in cause No. 69969 in that court by reason of the change of judge upon the motion of the defendant Tait and that the right of the joint defendants to a change of judge was exhausted by the change granted upon motion of defendant Tait.

The alternative writs heretofore issued from this court in Causes Nos. 26,635 and 26,636 are hereby dissolved and the petitions for writs of prohibition are denied.