CHICAGO & EASTERN ILLINOIS RAILROAD COMPANY *v.* PUBLIC SERVICE COMMISSION, ET AL.

[No. 27,861. Filed June 22, 1943. Rehearing denied October 6, 1943.]

*Rawley & Stewart,* of Brazil, and *Hays & Hays,* of Sullivan, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Urban C. Stover,* Deputy Attorney General, for appellees.

FANSLER, J.—On petition of the Brotherhood of Railroad Trainmen, the Public Service Commission of Indiana entered an order requiring the appellant to furnish a caboose car for its train crews engaged in certain switching operations in the City of Evansville. The appellant began this action in the court below seeking to enjoin the enforcement of the order.

It was contended by the appellant before the Public Service Commission and the court below, and it is contended here, that the Public Service Commission exceeded its jurisdiction in making the order.

The Public Service Commission derives its power and authority solely from the statute, and unless a grant of power and authority can be found in the statute it must be concluded that there is none.

The petition filed before the Public Service Commission recites that it is filed under § 55-130, Burns' 1933, § 14469, Baldwin's 1934, being § 1 of ch. 58 of the Acts of 1933, p. 421. That section was originally enacted as part of the Railroad Commission Law of 1905 (Acts 1905, ch. 53, § 23, pp. 83, 101). It was last amended in 1933. Subdivision (a) requires that every railroad shall report accidents, involving loss of life or serious injury to passenger or employee, to the commission, and that the commission shall investigate and report its conclusions and recommendations to the railroad, and recommend steps to be taken to prevent like accidents; that unless the railroad shall carry out the recommendations within a reasonable time, the commission shall make the recommendations public. There is no authority to require the railroad to comply or to adopt safety measures. Subdivision (b), which seems to be the one relied upon, provides

that whenever the commission shall receive information "that any carrier in this state does not keep its road or equipment in proper condition and repair for the health and safety of its employees or the public, . . ." or that it does not maintain suitable passenger depot buildings and equipment, that it does not keep suitable freight depots, switches and side tracks for handling freight, that it does not run, operate, or schedule its passenger trains so as to make reasonable and proper connections, or that there is a dangerous defect in connection with the operation of the railroad, or any railroad bridge, culvert, curve, embankment, water tank, crane, frog, railroad or wagon crossing, ties or tracks, motive power, stations, rolling stock, machinery, roadbed or ground, or fault in the construction, equipment, or management of any railroad, it shall be the duty of the commission to require an investigation to be made, the result of which shall be reported to the management of the company, and changes and improvements, additions, buildings, and accommodations shall be recommended, and a reasonable time fixed in which such improvements or changes or additions shall be made; that if they are not made, proceedings by mandamus or other remedy may be brought in court to force compliance with the order. Sections (c) and (d) deal with the intersection of two railroads and grade crossings and grade separations.

There is nothing in the provisions above described authorizing or empowering the commission to order or require anything to be done. Its highest authority is to begin an action in court to require compliance with recommendations and suggestions.

There are numerous statutes, penal and otherwise, requiring the use and installation of specific equipment

designed for the protection of employees and the public. There are specific statutes (§ 55-1233 et seq., Burns' 1933, § 14534 et seq., Baldwin's 1934) requiring that caboose cars used by railroads shall conform to certain requirements, and authorizing the commission upon investigation to grant to carriers the right to construct and use cars of other specifications where it is impossible to comply with the statute. But in none of these statutes enacted by the Legislature itself is there found a requirement that the carrier shall use a caboose car on any train, and, since authority in respect to caboose cars granted to the commission is limited to making exceptions, it must be concluded that there was no intention to grant other and greater authority upon the subject than the Legislature itself had seen fit to exercise.

*Brotherhood of Railroad Trainmen et al.* v. *Terminal Railroad Ass'n of St. Louis* (1942), 379 Ill. 403, 41 N. E. (2d) 481, cited by the appellees, deals with the authority of the Illinois commission under a statute which specifically vests the commission with power to require the installation, use, and maintenance of safety devices and uniform or standard equipment. There is no comparable provision in our statute, and hence the case is of no assistance in determining whether the Indiana commission has such authority under the Indiana statute.

It must be concluded that the Public Service Commission had no jurisdiction to make the order.

Judgment reversed, with instructions to enter judgment accordingly.

Note.—Reported in 49 N. E. (2d) 341.