STATE EX REL. KIST *v.* BALL, SPECIAL JUDGE ET AL.

·[No. 28,108.   Filed September 25, 1945.]

· *David A. Myers*, of Greensburg, *Robert C. Oliver*, of Winchester, and *James P. Murphy*, of Ft. Wayne, for appellant.

*Michael Fansler*, of Indianapolis, for Appellee.

YOUNG, J.—The purpose of the action which will be affected if a writ of mandate or prohibition is issued herein was to settle a partnership between relator herein and Morton S. Hawkins. The appointment of a receiver *pendente lite* in that case for partnership property was affirmed in *Kist* v. *Coughlin, Trustee* (1936), 210 Ind. 622, 1 N. E. (2d) 602. Thereafter the case was tried and final judgment and decree was entered. The part-

nership was established and the rights of the partners were determined, the appointment of the receiver was made permanent, an accounting was had and the receiver was directed to marshal and sell the partnership assets, and fully and finally wind up the affairs of the partnership, and distribute the proceeds as directed in said decree. Relator appealed and the judgment of the court as to relator and the members of his family was affirmed by this court, but was reversed as to certain parties who were before the court only in summary proceedings looking to the protection of the receivership estate. We held them not to be parties to the main action, but ordered a new trial of the summary proceedings. *Kist* v. *Coughlin, Trustee* (1944), 222 Ind. 639, 57 N. E. (2d) 199 and 586.

The final judgment referred to was made and entered by a special judge, who had been duly and properly appointed. After the mandate of this court was certified back to the trial court the special judge continued to act in connection with the administration of the receivership estate.

Relator filed objections to said special judge further sitting in said cause and requested a change of venue from said special judge.

Relator's objections and motion for a change of venue from the special judge were overruled, and relator brought this original action in this court asking that the special judge be prohibited by this court from further acting in said cause and that he be mandated to grant a change of judge therein and to expunge from the record certain action of said special judge taken in the administration of the receivership estate after final judgment in the main action.

It should be specially noted that *final* judgment had been rendered and affirmed in the main action, and only

administration of the receivership remained. The objections to the special judge were not limited to any particular issue or issues arising in the administration of the receivership matter but were objections that he continue at all in the administration of the receivership.

Relator bases his request for a writ of prohibition on two propositions. The first is that the special judge's jurisdiction terminated with the entry of the final judgment in the main case. His second proposition is predicated upon ch. 195 of the Acts of the Indiana Legislature of 1945. That act provides that, "In any civil action or statutory proceeding, if any judgment . . . be set aside by the judgment of another court of competent jurisdiction, then the judge whose . . . judgment is set aside shall be deemed disqualified to act further in such cause upon objection of any party to such action or proceeding . . . , and the party so objecting shall be entitled to a change of venue from such judge, notwithstanding any change of venue theretofore taken. . . ."

Relator has cited no authority, and we have found none, on his first point, i. e., that a general change of venue from a judge in a case where a receiver is asked does not take with it the entire action and all matters to be determined therein. The rule seems to be otherwise.

In *State ex rel. Youngblood* v. *Warrick Circuit Court* (1935), 208 Ind. 594, 196 N. E. 254, the jurisdiction of special judges is considered and the cases and applicable constitutional provisions are analyzed. Beginning at the bottom of page 603 and continuing at the top of page 604 this court's conclusion is expressed in the following language:

"From the language of these cases, and others which might be referred to, it is clear that a special judge of the circuit court is a constitutional circuit

court for the purposes of the case in which he was appointed, *with all of the power and jurisdiction of a regular judge,* and that after he has been appointed his power and jurisdiction flow from the Constitution, and not from legislative enactment." (Our italics.)

In *Perkins* v. *Hayward* (1890), 124 Ind. 445, 447, 24 N. E. 1033, this court said:

"When the regular judge yields the bench, calls in a special judge, and duly appoints him to try a designated cause, the special judge thus appointed acquires full authority over the cause *throughout all of its stages.*" (Our italics.)

This same language is quoted with approval in *Mayer* v. *Haggerty* (1894), 138 Ind. 628, 635, 38 N. E. 42, and in *State ex rel. Youngblood* v. *Warrick Circuit Court* (1935), *supra.* We can see no reason why the holdings of these cases should not apply to receivership cases, and we accordingly hold that when the change was taken in this case the special judge was given jurisdiction not only to determine the issues involved in the main action but to administer the receivership estate when and if the receiver was continued.

In the situation before us we need not decide relator's second proposition or construe ch. 195 of the Acts of the Indiana Legislature of 1945, because even if that act gave a right to a second change of judge such new right could be exercised only where a civil action remained to which the relator was a party.

Under our statute and decisions the venue may be changed in civil actions only upon application of a party thereto. § 2-1401, Burns' 1933; *State ex rel.* v. *Pursley* (1940), 217 Ind. 639, 642, 29 N. E. (2d) 991; *State ex rel. Neal* v. *Superior Court of Marion County* (1930), 202 Ind. 456, 461, 174 N. E. 732.

It appears from the facts before us that the main action had been tried and fully determined by final judgment affirmed by this court. The only matter remaining before the court was the administration of the receivership estate. No civil action to which relator was a party remained to be tried and relator herein was no longer a competent party to ask for a change of venue. *State ex rel. Neal* v. *Superior Court of Marion County, supra.*

In the Neal case, just cited, a receiver had been appointed and the issues in the main action had been fully and finally determined and the case remained on the docket of the court solely for the purpose of administering the receivership. In this situation plaintiff in the main action filed a verified petition for a change of venue from the judge and in considering the right of the plaintiff in the main action to a change of judge in the administration of the receivership this court used the following language at page 461:

"The civil action between Banus E. Neal and the Knox Consolidated Coal Company had been tried and fully determined by the judgment appointing the receiver 20 months before Neal's affidavit for a change of venue was filed. No other issue remained as to Neal upon which trial was to be had. The only subject-matter before the court in December, 1930, so far as shown by the pleadings herein, was the administration of a trust estate—the receivership of the Knox Consolidated Coal Company. From the fact that such receivership was being conducted under the title of the cause in which the issue was tried that resulted in the appointment of a receiver, it does not follow that a civil action in which a trial is necessary still existed between the original plaintiff and defendant. Neal was no longer, under the statutes regulating changes of venue, a competent party to ask for a change of venue."

The question presented in the Neal case is in effect identical with the question presented in the case now before us, and for the reasons stated in the Neal case we hold that there was no error in overruling relator's motion for a change of venue from the judge and that the special judge had jurisdiction to administer the receivership estate.

We do not mean to say that no change of judge is possible in connection with isolated phases in the administration of the receivership. We believe that ▪ relator has such interest in the assets of the receivership involved as might entitle him to raise issues upon special administrative steps in connection with which he would be entitled to a change of judge. Such issues, however, would have to be presented by claim, petition, exception or objection filed by the relator in connection with some step in the administration in such manner as to present a new matter in the nature of a civil action, and the change would be only as to such limited issues and not as to the receivership administration as a whole. As illustrative of our thought, we point out that a claim in a guardianship constitutes a civil action and entitles claimant to a change of venue from the judge of the isolated issues presented by the claim. *State ex rel. Johnson* v. *Cody, Judge* (1937), 212 Ind. 247, 8 N. E. (2d) 971. The petition of attorneys for allowance for services in receivership presents a civil action in which anyone, a party to such petition by answer, objection or otherwise, is entitled to a change of judge. *State ex rel. Wood* v. *Carlin, Judge* (1935), 208 Ind. 680, 683, 197 N. E. 825. The issues arising upon a guardian's final report and exceptions thereto constitute a civil action in which a change of judge may be had. *Kney* v. *Gahimer, Gdn.* (1935), 99 Ind. App. 510, 193 N. E. 394.

We are of the opinion that relator was not entitled to have his motion for a change of venue from the judge sustained. Whether or not the special judge erred in any of the rulings complained of in relator's petition is not now before us.

Writs of mandate and prohibition are denied.

O'Malley, J., not participating.

Note.—Reported in 62 N. E. (2d) 621.