PEMBLETON v. MCMANAMAN, Judge

[No. 28,543. Filed March 31, 1949.]

*A. L. Pembleton, pro se.*

*Morris McManaman,* Judge, Dearborn Circuit Court, of Lawrenceburg, for respondent.

YOUNG, J.—Petitioner has filed his original action in this court, asking us to mandate respondent judge to set for hearing and hear petitioner's petition filed in the Dearborn Circuit Court for a writ of error coram nobis.

Petitioner has filed his original action in this court in his own name and not in the name of the state upon his relation. Mandate proceedings, such as this is, must be brought in the name of the state on the relation of the accused person and this is more than a mere nominal requirement. It is a remedy which the individual is not entitled to have, but which the state permits him when aggrieved, to enforce in the name of the state. *Schuble* v. *Youngblood, Judge* (1947), 225 Ind. 169, 73 N. E. 2d 478; *Board of Public Safety* v. *Walling* (1933), 206 Ind. 540, 546, 187 N. E. 385.

The petitioner has made no showing that notice of the filing of his petition for a writ of error coram nobis in the Dearborn Circuit Court was ever served upon the Attorney General, and, in the absence of such notice, his proceeding for writ of error coram nobis has not been commenced and therefore is not pending, § 49-1937, Burns' 1933 (1947 Supp.), in which situation a writ of mandate to act therein will not be granted. *State ex rel. Wadsworth* v. *Mead* (1947), 225 Ind. 123, 73 N. E. 2d 53, 55; *Lester* v. *Grant Circuit Court* (1948), 226 Ind. 186, 78 N. E. 2d 785, 787.

Petitioner has attached to his complaint in this court a copy of his petition for a writ of error coram nobis alleged to have been filed in the Dearborn Circuit Court on January 13, 1949, in which he alleges that on November 13, 1942, a judgment of guilty against him was entered in said Dearborn Circuit Court and commitment was issued under which he is now confined in the Indiana state prison. It is to obtain a new trial in the case in which he was convicted on November 13, 1942, that his petition for writ of error coram nobis was filed in the Dearborn Circuit Court. It appears affirmatively therefore that more

than five years had elapsed from the time of judgment of conviction to the date of filing his petition for writ of error coram nobis which he now wants us to mandate the Dearborn Circuit Court to hear. Under Ch. 189, Acts of 1947, § 1, p. 625, it is provided that no court shall have jurisdiction to entertain any proceeding for writ of error coram nobis after such lapse of time and that any court attempting to entertain jurisdiction in violation of this section may be prohibited by a writ of prohibition from so assuming jurisdiction.

It appearing that the Dearborn Circuit Court is without jurisdiction to hear the matter which we are asked to mandate that court to hear, as well as for the other reasons above stated, such petition to mandate must be denied, and it is so ordered.

NOTE.—Reported in 84 N. E. 2d 889.