STATE EX REL. CLARK *v.* MURRAY, JUDGE

[No. O-100.   Filed June 13, 1950.]

*Arnold A. Clark, pro se,* for relator.

STARR, J.—This is an original action wherein the relator seeks an alternate writ of mandate to compel the respondent to hear the relator's alleged petition for writ of error coram nobis filed in respondent's court.

The petition of relator fails to allege that he has served a copy of his petition for writ of error coram nobis upon the Attorney General as required by § 49-1937, Burns' 1933 (1949 Supp.), Acts 1945, ch. 3, § 1, p. 7, Acts 1947, ch. 196, § 1, p. 638; nor does the relator's petition contain, or have attached as exhibits, "certified copies of all pleadings, orders and entries pertaining to the subject matter" in the Lake Criminal Court as required by Rule 2-35 of this Court. For these reasons alone this petition should be denied. *State ex rel. Patterson* v. *Miami Circuit Court* (1948), 226 Ind. 395, 81 N. E. 2d

536. There is an added reason, however, why this petition must be denied. A copy of relator's petition for a writ of error coram nobis is attached to the petition herein. It shows that the relator is attempting to obtain a new trial in a case in which he was convicted more than five years prior to the institution of the proceedings for the writ. Under Chapter 189, Acts 1947, § 1, p. 625, § 9-3301, Burns' 1942 Replacement, it is provided that no court shall have jurisdiction to entertain any proceeding for a writ of error coram nobis after such lapse of time. See *Pembleton* v. *McManaman* (1949), 227 Ind. 194, 84 N. E. 2d 889.

For all the foregoing reasons the petition is denied.

NOTE.—Reported in 92 N. E. 2d 850.