STATE EX REL. YOUNG *v.* NIBLACK, JUDGE.

[No. 28,814. Filed July 25, 1951.]

598

*Leo L. Kriner,* of Indianapolis, for relator.

EMMERT, J.—This is an original action for an alternative writ of mandamus against the Superior Court of Marion County, Room One, and John L. Niblack, as judge thereof, to compel the granting of an affidavit for change of venue from the county. This is the second time this phase of this controversy has been considered by this court. In *State on the Relation of Wilbur Young, etc.* v. *John L. Niblack* (1951), 229 Ind. 509, 99 N. E. 2d 252, we held the trial court properly denied an affidavit for change of venue from the county, which was defective by reason of noncompli-

ance with the statute on change of venue from the county. Section 2-1401, Burns' 1946 Replacement.

The action in the trial court was brought by the State of Indiana on the Relation of the School City of Gary, Lake County, Indiana, For And On Behalf Of Said School Corporation and All Other School Corporations similarly situated, against Wilbur Young, As State Superintendent of Public Instruction of the State of Indiana; Wilbur Young, John J. Maehling, Herman B Wells, Ida L. Huntington, Charles E. Rochelle, Verne Crawford Freeman, Alfred C. Senour, as and constituting the Commission on General Education of the Indiana State Board of Education; Henry F. Schricker, Frank T. Millis, William L. Fortune, as and constituting the State Board of Finance of the State of Indiana; Frank T. Millis, as Auditor of the State of Indiana; State Board of Finance of the State of Indiana; and the Commission on General Education of the Indiana State Board of Education, for a declaratory judgment in which the plaintiff contended that Ch. 217 of the 1951 Acts suspended certain provisions of Ch. 247 of the 1949 Acts with reference to the distribution of $58,000,000 to the various school corporations of the state. Other allegations of the complaint sought a construction of Ch. 231 of the 1940 Acts as amended by Ch. 293 of the Acts of 1951. It is not necessary to discuss the construction of any of these acts as they might affect the distribution of money from the State School Tuition Fund, and notice of the acts is taken here only for the purpose of the decision on the issue now presented as to the right by any of the relators in this original action to a change of venue from the county.

On June 13th following our opinion in *State on the Relation of Wilbur Young, etc.* v. *Niblack, Judge, supra,* "Wilbur Young, in the following capacities namely,

individually, State Superintendent of Public Instruction of the State of Indiana and as a member of the Commission on General Education of the Indiana State Board of Education," by his attorney Leo L. Kriner, filed an affidavit for change of venue from the county for the reason "that an odium attaches to said defendant and to his defense therein, on account of local prejudice in Marion County, Indiana." The statement of this affidavit as to the ground for change complies with the statute. Section 2-1401, Burns' 1946 Replacement.

The certified copies of the records of the trial court disclose that the Attorney General objected to the appearance of Leo L. Kriner as attorney for Wilbur Young in any capacity, and objected to the granting of the change of venue. The trial court denied the change of venue from the county, and struck out the appearance of Kriner as attorney for Young in any capacity.

"The character in which any one is made a party to an action is determined from the allegations in the complaint . . . ." *Watson* v. *Burnett* (1939), 216 Ind. 216, 226, 23 N. E. 2d 420, 425. Wilbur Young, individually, is not a party to the proceedings in the trial court. "Under our statute and decisions the venue may be changed in civil actions only upon application of a party thereto." *State ex rel. Kist* v. *Ball* (1945), 223 Ind. 512, 516, 62 N. E. 2d 621, 623. There was no error in overruling the affidavit for change of venue as to Wilbur Young individually.

Nor was there any error in denying a change of venue to Wilbur Young as a member of the Commission on General Education of the Indiana State Board of Education. He alone was not constituted by law a commission, and he fails to show any action by the commission authorizing it to

seek a change of venue. See *Terre Haute Gas Corp.* v. *Johnson* (1942), 221 Ind. 499, 45 N. E. 2d 484, 48 N. E. 2d 455. Moreover, §§ 49-1929 and 49-1932, Burns' 1951 Replacement prohibit the commission from employing its own counsel without the written consent of the Attorney General.

However, the relator Young as Superintendent of Public Instruction contends that he had the right to employ his own counsel to represent him in the trial court and to obtain a change of venue from the county. The burden is on him to make a prima facie case for the issuance of the alternative writ, or it will be denied. *State ex rel. Joint County Park Board* v. *Verbarg* (1950), 228 Ind. 280, 91 N. E. 2d 916.

Section 8 of Article 8 of the Constitution of Indiana creates the office of the State Superintendent of Public Instruction, but it does not give him any right, powers or duties. The concluding part of the section states "his duties and compensation shall be prescribed by law." This is similar to § 1 of Article 6 which creates the offices of Secretary, Auditor and Treasurer of State but further provides "They shall perform such duties as may be enjoined by law; . . ." Under the latter provision this court has held the Auditor of State exercises only such powers as may be delegated by legislative act. *Branham* v. *Lange, Auditor* (1861), 16 Ind. 497; *Sherrick* v. *State* (1906), 167 Ind. 345, 79 N. E. 193. When a public officer derives his power and authority solely from the statute, "unless a grant of power and authority can be found in the statute it must be concluded that there is none." *Chicago & E. I. R. R. Co.* v. *Public Service Comm.* (1943), 221 Ind. 592, 594, 49 N. E. 2d 341. In *State ex rel. White* v. *Grant Superior Court* (1930), 202 Ind.

197, 172 N. E. 897, 71 A. L. R. 1354, it was held the Secretary of State, even when represented by the Attorney General, was without statutory authority to intervene in an original action in this court which sought to question the validity of Senate Bill No. 212 of the 1929 session of the General Assembly. We fail to find any statute giving the Superintendent of Public Instruction any right, power or duty to employ his own counsel or to seek a change of venue. Nor does it appear under the circumstances of this case that any such power or right should be implied as a necessary implication from the grant of an express statutory power or right. The General Assembly has made other specific provisions for his representation by the Attorney General.

The stautes of Indiana creating the office of Attorney General and providing for his rights, powers and duties do make him the official representative of the Superintendent when he is sued in his official capacity. Section 49-1902, Burns' 1951 Replacement, in part states the Attorney General "shall defend all suits brought against the state officers in their official relations, except suits brought against them by the state; and he shall be required to attend to the interests of the state in all suits, actions or claims in which the state is or may become interested in the Supreme Court of this state." "Such attorney-general shall not, in any case, be required to exhibit to any court his authority for appearing in and conducting the prosecution or defense of any such suit, unless his authority be denied, under oath, in which case, his commission shall be all the evidence required." Section 49-1904, Burns' 1951 Replacement. Chapter 109 of the 1941 Acts, which recreated the office of Attorney General, further provides that he shall "represent the state of Indiana in

any matter involving the rights or interests of the state, including actions in the name of the state of Indiana, for which provision is not otherwise made by law." Section 49-1924, Burns' 1951 Replacement.

The word "state" as used in § 49-1924, Burns' 1951 Replacement, means the state of Indiana in its sovereign or corporate capacity. It does not limit the Attorney General to the rights, powers and duties created by Ch. 71 of the 1889 Acts, but "all of the rights, powers and duties *heretofore conferred by any law or laws* upon the attorney-general as created" by said Ch. 71 of the 1889 Acts are "transferred to and conferred upon, and shall be performed by the attorney-general." (Italics supplied.) This still leaves in effect § 49-1903, Burns' 1951 Replacement (§ 1, Ch. 133, of the 1899 Acts), which provides, "The attorney-general shall have charge of and prosecute all civil actions which shall hereafter be brought, either in the name of the state of Indiana, or in the name of the state of Indiana on the relation of the attorney-general, or on the relation of any state board created by general law; . . ." The action in the name of the state referred to in § 49-1924, Burns' 1951 Replacement, does not refer to an action brought in the name of the state on the relation of some interested party or for the use of some interested party since the statute does not so state, and in view of § 49-1903, Burns' 1951 Replacement, we must presume the legislature was well aware of the difference in such actions. The legislature did not intend that the Attorney General be authorized or required to undertake the impossible task of representing every political subdivision of the state.[1]

---

[1] An action in mandamus, which must be brought in the name of the state on the relation of the interested party is not one in which the state either in its sovereign or corporate capacity is a

The office of Attorney General is also one of delegated powers. *Hord* v. *State* (1907), 167 Ind. 622, 79 N. E. 916; *Ford Motor Co.* v. *Treasury Dept.* ▮ (1945), 323 U. S. 459, 65 S. Ct. 347, 89 L. Ed. 389. Since there is nothing in the statutes authorizing or empowering the Attorney General to represent the school corporations of the state in this sort of an action, the Attorney General's duty to represent the superintendent along with other state officials creates no conflict of interests as an attorney.

The Attorney General in the trial court filed an answer traversing the plaintiff's allegations concerning the proper construction to be given the acts in controversy. He has appealed from the judgment of the trial court construing the acts in controversy so that a decision may be had thereon by the proper court of review of this state. The superintendent has made no showing whatever that the Attorney General has been negligent or unfaithful in the execution of his public trust, or that there has been any conflict of interests which would make it improper for him to represent the state officials.[2]

---

party. *Parker* v. *State ex rel. Powell* (1892), 133 Ind. 178, 215, 32 N. E. 836, 33 N. E. 119, 18 L. R. A. 567.

Concerning the requirement that an action in mandamus be brought in the name of the state on the relation of the interested party this court has said: "In a sense the State is allowing an individual to enforce in the name of the State a remedy which the individual, as such, is not entitled to have." *Bd. of Public Safety* v. *Walling* (1933), 206 Ind. 540, 546, 547, 187 N. E. 385.

"Suits brought on behalf of the schools of any township, town or city shall be brought in the name of the state of Indiana, for the use of such township, town or city." Section 28-2403, Burns' 1948 Replacement.

[2] The facts in this case constitute no analogy to the case of a prosecuting attorney who may be disqualified to act in a particular proceeding by reason of conflicting interests within the

The right to defend suits brought against state officers in their official relations includes the right to exercise his discretion as to whether a change of venue from the county shall be sought in behalf of his clients. It is not for any state officer to substitute his discretion for that of the Attorney General as to where the cause shall be tried. Although a desire for delay is no cause for seeking a change of venue from a county, we would be judicially naive if we did not realize that would be the inevitable effect of a change in this proceeding. In this case the Attorney General sought to expedite the trial in Marion County, and he was within his clear statutory rights in so doing.

If the superintendent had sought to employ his own counsel to act as *amicus curiae,* no doubt the trial court would have been glad to receive his help and assistance upon proper application for leave to so appear and make available the result of his research on the issues presented. But an *amicus curiae* would not be a party to the proceeding. *Parker* v. *State ex rel. Powell* (1892), 133 Ind. 178, 32 N. E. 836, 33 N. E. 119, 18 L. R. A. 567, *supra; State ex rel. Reichert* v. *Youngblood* (1947), 225 Ind. 129, 73 N. E. 2d 174. He has none of the rights of a party to litigation.

principles recognized in *Perfect* v. *State* (1923), 197 Ind. 401, 141 N. E. 52; *State ex rel. Williams* v. *Ellis* (1916), 184 Ind. 307, 112 N. E. 98; *Williams* v. *State* (1919), 188 Ind. 283, 123 N. E. 209. Even in such cases where a special prosecutor may be appointed, where the disqualification does not appear of record or is not admitted, a special prosecutor may not be appointed on the ex parte motion of the judge without an opportunity to the prosecutor to have a hearing on his disqualification. *State ex rel. Spencer* v. *Criminal Ct. of Marion County* (1938), 214 Ind. 551, 15 N. E. 2d 1020.

The petition for the alternative writ is denied.

Gilkison, J., dissents with opinion in which Bobbitt, J., concurs.

DISSENTING OPINION

GILKISON, J.—This original action is brought by the State of Indiana on the relation of Wilbur Young as State Superintendent of Public Instruction of the State of Indiana, and in his other capacity as named in the caption, to mandate respondent court and its judge to grant a change of venue from the county to defendants upon a proper verified application therefor filed, and which has been denied by respondents, all agreeable with § 3-2201, Burns' 1946 Replacement. The reasons for the denial are (1) that the applicant may not have an attorney of his own to represent him, but must be represented by the State's Attorney General, and (2) that the applicant on his own application may not have a change of venue but must remain inactive and suffer the Attorney General only to direct and present his defense.

The duties of the Attorney General with respect to actions brought by or against the State of Indiana, and in defending suits brought against state officials in their official relations *with the exception thereto are statutory*, as follows:

"Such attorney-general shall prosecute and defend all suits that may be instituted by or against the state of Indiana, . . . and shall defend all suits brought against the state officers in their official relations, *except suits brought* against them by the state; . . ." (My italics) § 49-1902, Burns' 1951 Replacement.

Section 49-1925 referred to in the opinion is in "pari materia" with the statute noted and does not modify it in any way.

The case pending in respondent court is a mandamus action brought by the State of Indiana on the relation of the School City of Gary, Indiana, against certain state officers, including relator, in their official capacities. It is brought as a class action on behalf of relator and all other school corporations in the state similarly situated. It seeks an interpretation of certain statutes of the state of Indiana with respect to the distribution of many millions of dollars of the state school fund, and asks to mandate the distribution in the manner prayed for in the complaint. It is an action in which every voter, citizen, taxpayer and every child of school age in the state is vitally concerned. For these reasons, I think it is a case coming precisely within the exception contained in the statute aforenoted, thus: "and he (the Attorney General) shall defend all suits brought against the state officers, *except suits brought against them by the state; . . . .*" (My italics). I think the attorney general should be in the case but he should be on the side of his statutory client—the state of Indiana—not on the side of the state officers whom the state is suing *ex relatione.* The term *ex relatione* has been defined by a legal lexicographer, thus:

> ". . . Legal proceedings which are instituted by the attorney general (or other proper person) in the name and on behalf of the state, but on the information and at the instigation of the individual who has a private interest in the matter, are said to be taken "on the relation" (ex relatione) of such person, who is called the relator. . . ." Black's Law Dictionary (3rd Ed.), p. 707.

The first question presented to us is: Is the state of Indiana a party plaintiff in the mandamus action pending in the respondent court? If it is, it is quite clear to me that the attorney general is badly tangled in his procedure as is the respondent court and the majority of this court. This question has been rather frequently presented to this court in various actions in recent years, and in answering it, this court has expressed itself, thus:

". . . Express statutory provision requires actions for mandate to be brought in the name of the state on the relation of the party in interest. (Sec. 3-2201, Burns' 1946 Replacement.) It is legally impossible for an action of mandate to be prosecuted by one in his individual and personal capacity. The statute requires the State of Indiana to be included. *This is not a mere nominal requirement;* it is a statutory recognition of the fact that the *State has an interest in the particular type of relief which is secured in an action of mandate.* In a sense *the State is allowing* an individual to enforce in the name of the State a remedy which the individual, as such, is not entitled to have." (My italics) *Board of Public Safety* v. *Walling* (1933), 206 Ind. 540, 546, 187 N. E. 385; *Rogers* v. *Youngblood, Judge* (1948), 226 Ind. 165, 168, 78 N. E. 2d 663; *Pembleton* v. *McManaman* (1949), 227 Ind. 194, 196, 84 N. E. 2d 889; Per Curiam— *Meek* v. *Baker, Judge* (1951), 229 Ind. 543, 99 N. E. 2d 426.

When state officers, as such, are sued in their official relations by some one other than the state, it is agreeable with the statute, § 49-1902, Burns' 1951 Replacement, for the attorney general to defend them. But there is nothing in the statute or elsewhere in the law that requires this representation to be exclusive. See 7 C. J. S., Attorney General, § 8, Cl. c., p. 1229; *Casey* v. *Wait* (1918), 229 Mass. 200, 202. There are many

reasons why it should not be, some of which will appear herein.

However, when a mandamus suit is brought against a state officer, the state of Indiana is a party plaintiff— not just a nominal party. To hold otherwise in this case or to merely ignore our previous holdings, over- rules the four cases last above cited, the last of which was decided by this court within the last thirty days, and was concurred in by all the present justices. In the action pending in respondent court it is quite apparent that the interests of the state in the relief sought is paramount to that of any or all of the other parties to the action combined, and certainly the state has a crying need for the services of its attorney gen- eral. The statute heretofore noted, enacted many years ago (Acts 1889, Ch. 71, § 4, p. 125) anticipated a situ- ation like that now confronting us, and, to take care of it made the exception noted in the statute for the sole purpose of keeping the attorney general faithful and true to his statutory client—the state of Indiana. See 7 C. J. S., Attorney General, § 8 b., Conflicting In- terests, p. 1229.

In the briefs before us no good reason has been stated why the attorney general has forsaken his statutory client and joined in the defense of those whom the statute expressly forbids him to join. This unprecedented procedure must have been noticed by relator and acting properly and wholly within the line of his duty as the highest school officer in the state charged by the constitution and statute with vastly important duties, caused him to employ his own attor- ney-at-law to defend him as such official. This he had a right and duty to do. No authority has been nor can be cited to the contrary. Had he not done so I think he would have been highly derelict as such official.

Our Indiana Reports have many reported cases in which the attorney general has appeared for the state. The majority opinion in this case is the only one in the books where he is recorded as appearing against the state. So far as I can find there is no recorded case in any state of the union where its attorney general appeared against the state. The fact that the state appeared in this action by other attorneys, does not release the attorney general from his duties to the state and permit him to represent the defendants.

When relator's attorney appeared in the respondent court and filed relator's verified motion for a change of venue from the county, the attorney general filed a motion asking that relator be denied the right to appear by his own attorney or to ask for a change of venue from the county and this motion was sustained by the court, leaving relator, State Superintendent of Public Instruction, without an attorney of his own and in substance compelled to accept only the services of the attorney general, notwithstanding his expressed lack of confidence in that representation. Thus, we have the state, represented in the respondent court by independent attorneys, which could be only with the consent, expressed or implied, of the attorney general (See 7 C. J. S., Attorney General, § 8 b., p. 1229), and the defendants represented solely by the attorney general. It makes the attorney general an arbitrator, representing both sides in the case. An arbitrary statement to the contrary in the majority opinion cannot change the unquestioned facts or the law. This novel situation is fraught with so many perils it should not be permitted to become a part of the procedural law of Indiana. It was to assist in avoiding situations like this, among other things, that a right to a change of venue from the county was and is provided by law. § 2-1401, Burns' 1946 Replacement.

The legal ethics applicable to an attorney at law on this proposition are applicable to the attorney general acting as an attorney at law in this case. I quote therefrom thus:

"An attorney is by virtue of his office disqualified from representing interests which are adverse in the sense that they are hostile, antagonistic, or in conflict with each other." 7 C. J. S., Attorney and Client, § 47—Representing Adverse Interests, p. 823.

"(1) No man can serve two masters; for either he will hate one, and love the other, or he will cling to one and slight the other. Ye can not serve God and mammon." (Quoted from Matthew 6-24). *Sun Building & Loan Ass'n. of Newark* v. *Rashkes* (1936), 119 N. J. Eq. 443, 449, 183 Atl. 274, 277.

"(2) The unamendable mandate of both law and morals forbids an attorney, in the homely phrase of the field, 'to run with the rabbits and bark with the dogs.'" *Gilliam* v. *Saunders* (1933), 204 N. C. 206, 209, 167 S. E. 799, 800.

"(5) The rule is designed not alone to prevent the dishonest practitioner from fraudulent conduct, but as well to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties, or be led to an attempt to reconcile conflicting interests rather than to enforce, to their full extent, the rights of the interest which he should alone represent."

Notes 1, 2 and 5 to § 47, 7 C. J. S., p. 823.

The rule in Indiana on this subject follows the rule as above noted and may be found in the following cases. *Wilson* v. *The State* (1861), 16 Ind. 392, 394; *Price* v. *The Grand Rapids and Indiana R. R. Co.* (1862), 18 Ind. 137, 140; *Bowman* v. *Bowman* (1899), 153 Ind. 498, 504, 55 N. E. 422; *State* v. *Robbins* (1943), 221 Ind. 125, 149, 46 N. E. 2d 691. To me

it is impossible that the state may both prosecute and defend the action in respondent court.

The judiciary is one of the three coordinate divisions of our state and national governments. Through the judiciary it was the thought and design of our constitution makers, to provide for litigants, trial forums that are open, unprejudiced, impartial and fair; that will hear before they condemn; that will proceed upon inquiry and render judgment only after trial. Art. 1, § 12, Indiana Constitution. Daniel Webster in *The Trustees of Dartmouth College* v. *Woodward* (1819), 4 Wheat. (17 U. S.) 518, 579, 4 L. Ed. 629, 645, 656. It has been held rather frequently by this court that:

> "The court can not add to or take from the law 'one jot or tittle'. It must adjudicate and administer the law as it is." *Krutz et al.* v. *Howard* (1880), 70 Ind. 174, 178.

It long has been the law in Indiana that one of several defendants or plaintiffs may avail himself of the right to a change of venue and when he does so it necessarily changes the venue as to all his co-parties. *Krutz* v. *Howard, supra; Peters et al.* v. *Banta* (1889), 120 Ind. 416, 422, 22 N. E. 95, 23 N. E. 84; *Dill* v. *Fraze* (1907), 169 Ind. 53, 60, 79 N. E. 971; *State ex rel. Flaherty and Nye* v. *Ermstrom, Spec. J.* (1935), 209 Ind. 117, 123, 197 N. E. 908.

When as in the instant case, a party is made a defendant in his official capacity, and brought into court by a summons regularly issued and served upon him, it seems ludicrous to say that he must show a statutory right to be sued before he can claim the rights of a defendant in the case. In the case in the trial court plaintiff made the relator State Superintendent of Public Instruction a party defendant. Cer-

tainly neither the plaintiff nor this court is now in a position to say he is not a party defendant. The plaintiff is seeking a writ of mandate against the relator in his official capacity. If he is not a party defendant how is it possible for the trial court to issue a writ of mandate against him? The opinion does not attempt to advise us just what is the position of relator in the trial court. The relator does not seek to intervene in the case either as a plaintiff or defendant nor does he seek any relief, affirmative or negative, in that court. The authorities listed in the opinion on that proposition are wholly inapplicable and foreign to the question presented to this court. I think it is a serious error to say that a defendant has the burden of proving that the plaintiff has properly made him a defendant before he has the procedural rights of a defendant in the case.

To me it is wholly anomalous to say that one who is made a party defendant by the complaining party may defend himself in the action only as an amicus curiae on permission granted by the presiding judge. No authority for this position has been given in the opinion. To me this position initiates a serious procedural error that may prove quite devastating in future litigation.

For the reasons given I respectfully dissent to the majority opinion. The writ of mandate should issue compelling the granting of the change of venue from the court agreeable with § 3-2201, Burns' 1946 Replacement.

Bobbitt, J., concurring.

NOTE.—Reported in 99 N. E. 2d 839.