BOARD OF PUBLIC SAFETY OF THE CITY OF MUNCIE ET AL. *v.* WALLING ET AL.

[No. 26,215. Filed November 3, 1933. Rehearing denied March 16, 1934.]

*C. A. Taughinbaugh* and *O. S. Boling,* for appellants.
*Richard L. Ewbank* and *George H. Koons,* for appellees.

TREANOR, J.—This was an action for mandate brought in the name of the State of Indiana by the appellees herein as relators to compel the Board of Public Safety of the City of Muncie, Indiana, through its members, to place the names of said relators on the records and pay roll of the fire department of said city as officers of said department and to enroll their names and official salaries on the official salary payroll as provided by law and ordinance, on the grounds that their pretended oral dismissal as such officers was without cause, invalid, unlawful, and ineffectual. On May 14, 1932, judgment was rendered granting the relief asked. The record shows that at the same time judgment was rendered an appeal was prayed and granted as follows:

"And each of the defendants herein now pray an appeal to the Supreme Court of the State of Indiana, which prayer is now granted and the court grants said defendants sixty days (60) in which to file all bills of exceptions."

On July 12, 1932, the transcript of the record was filed with the Clerk of this Court. On December 3, 1932, the appellees, who were relators below, filed their motion to dismiss the appeal on the grounds that (1) it was filed in the office of the Clerk of the Supreme Court without notice and without bond for an in-term appeal and that no notice was given within the time allowed for perfecting an appeal; and (2) that the Assignment of Errors was defective in that the State of Indiana was not named therein and the persons named as appellees were not named or referred to as relators.

In support of the first ground for dismissal appellees contend that the instant appeal is not an in-term appeal for the reason that no appeal bond was filed or offered for filing. Both sides agree that it could not be treated as a vacation appeal since no notice was given to appellees. Whether this appeal is an in-term appeal depends upon the construction of Chapter

9, p. 14, of the Acts of 1931 and upon the further question of its constitutionality. It is clear that an in-term appeal can not be effected under §698, Burns Ann. Ind. St. 1926, §2-3204, Burns Ind. Stat. Ann. 1933, §480, Baldwin's Ann. Ind. Stat. 1934, Acts 1881, Sp. Session, p. 240, ch. 38, §632, without the filing of an appeal bond.[1] Chapter 9 of the Acts of 1931, including the title to the act, reads as follows:

"An Act relating to bonds in appeals and other proceedings and actions, and stay of execution on judgments, where any municipal corporation, or persons representing same in any official capacity, are parties, and declaring an emergency.

"Section 1. Be it enacted by the general assembly of the State of Indiana, That in all actions in which any city, or town, or those representing it in any official capacity, are entitled to pray or take an appeal of any kind, the same shall be granted or taken as to such city, or town, or such persons, without bond. Any term appeal so granted may be perfected without further notice at any time within the period of time allowed for perfecting general appeals in vacation.

"No proceedings shall be had to enforce any judgment against such city, or town, or such persons, and execution thereon shall be stayed pending an appeal therefrom.

"No bond or undertaking shall be required of any city, or town, or those representing it in any official capacity, in any proceeding or action, either by or against it, or them, in which any such bonds or undertakings are either now or may be hereafter required generally of any parties thereto."

Under §698, Burns, etc., *supra*, it is necessary that an appeal be prayed at the same term at which the judg-

Note 1. "When an appeal is taken during the term at which judgment is rendered, it shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed by the appellant, with such penalty and surety as the court shall approve, and within such time as it shall direct, payable to the appellee, with condition that he will duly prosecute his appeal and abide by and pay the judgment and costs which may be rendered or affirmed against him. . . . The transcript shall be filed in the office of the clerk of the Supreme Court within sixty days after filing the bond; . . ." ' §698, Burns Ann. Ind. St. 1926.

ment appealed from was rendered; that an appeal bond be filed at that term or that the penalty be fixed, sureties approved and time given in which to file bond, and that such bond be filed within the time given. The transcript then must be filed in the office of the clerk of the Supreme Court within sixty days after filing the bond. The effect of taking an appeal in such a manner is to stay all proceedings on the judgment. If bond is not filed within the time given, or if the transcript is not filed within sixty days after the filing of the bond, or within the time extended as further provided in the section, no in-term appeal has been taken and no stay of proceedings will result, under §698, *supra*. In taking an appeal in accordance with the foregoing provisions of §698 no notice to the appellees is required.

By Chapter 9, Acts of 1931, §2-4717, Burns 1933, §488, Baldwin's 1934, an appeal by a city or town or those representing it in any official capacity, shall be granted without bond.

Considered in connection with §698, *supra*, this would mean that the taking of a term time appeal by such appellants would require that an appeal be prayed during the term at which judgment was rendered; that the court grant such appeal, but no penalty of or sureties for an appeal bond would need to be fixed or approved and no time need be fixed for the filing of an appeal bond. Under §698, *supra*, the date for filing the transcript is fixed with reference to the date the appeal bond is filed. Since by virtue of the Act of 1931, an appeal bond is not required of "any city or town or those representing it in any official capacity" the requirement of §698 that the transcript be filed "within 60 days after filing the bond" does not control but "any term appeal so granted may be perfected without further notice at any time within the period of time allowed for perfect-

ing general appeals in vacation." (Ch. 9, p. 14, Acts of 1931, *supra*.)

Appellees contend that the Act of 1931 is unconstitutional because the title of the act "is not broad enough to embrace the matter of notice, extension of time for perfecting an in-term appeal or for creating a new in-term appeal." The subject of the act may properly be said to be bonds in appeal and other proceedings and actions, in which a municipal corporation is involved; and stay of execution on judgment and the fixing of the time in which appeals covered by the act shall be perfected are matters properly connected therewith. Likewise, the provision in the act that "any term appeal so granted may be perfected without further notice at any time within the period of time allowed for perfecting general appeals in vacation" is a matter properly connected with the subject of the act since no notice is required when an appeal is prayed and granted in term; and the only effect of the provision is to fix the time in which an in-term appeal must be perfected.

Under the Constitution of Indiana it is not required that "matters properly connected" with the subject of an act shall be expressed in the title, but only that the subject of the act shall be so expressed.

Appellees contend that since the act authorizes appeals *without* bond, its subject is not expressed in a title: "An act relating to *bonds* in appeals. . ." But since in certain appeals bonds are required, a provision that in certain other appeals bonds are not required might properly be looked for under and be included in the subject "bonds in appeals."

Appellees also contend that to take an appeal without bond under the provisions of the 1931 act it is nec-

essary that appellant "shall pray an appeal without bond and have the appeal granted without bond, that is, have the record show that the appeal is granted without bond." We do not understand that the effect of the 1931 act is to provide that the court may grant an appeal without bond, but rather that if an appeal is taken, it *"shall* be granted" without bond. Therefore, there would be no point in requiring that the order granting an appeal should show that it was granted without bond, since in no case could the city be required to give bond.

10. ing appeals which any city or town, or those representing it in any official capacity, are entitled to pray or take.

We believe that appellees are correct in their contention that the assignment of errors is fatally defective for the reason that the named appellees were not the prevailing parties below. Express statutory provision requires actions for mandate to be brought in the name of the state on the relation of the party in interest.[2] It is legally impossible for an action of mandate to be prosecuted by one in his individual and personal capacity. The statute requires the State of Indiana to be included. This is not a mere nominal requirement; it is a statutory recognition of the fact that the State has an interest in the particular type of relief which is secured in an action of mandate. In a

*Note 2.* "Writs of mandate in the circuit and superior courts of this state are hereby abolished, and the causes of action heretofore remedial (remedied) by means of such writs shall hereafter exist and be remedial (remedied) by means of complaint and summons, in the name of the state on relation of the party in interest, in the circuit or superior courts of this state as other civil actions, and be known as actions for mandate: . . ." §1244, Burns Ann. Ind. St. 1926, §3-2201, Burns Ind. Stat. Ann. 1933, §1090, Baldwin's Ind. Ann. Stat. 1934, Acts 1915, ch. 87, p. 207, Acts 1911, ch. 223, p. 541.

sense the State is allowing an individual to enforce in the name of the State a remedy which the individual, as such, is not entitled to have. Since the relators in their individual capacity were not, and could not be, parties to this suit below, they cannot be made parties appellee in the face of the express provision of the statute denying to them the capacity to prosecute this action of mandate.

Appellees' motion to dismiss is sustained.