Tisdale and Tisdale *v*. Nationwide Mutual Ins. Co.

[No. 470A53. Filed May 18, 1971. Rehearing denied June 23, 1971. Transfer denied October 28, 1971.]

*Judith H. Dwyer, Hayes & Dwyer,* of Washington, for appellants.

*Robert P. Doolittle, Jr., Emison, Emison & Doolittle,* of Vincennes, for appellee.

Hoffman, C.J.—This appeal arises from a directed verdict in favor of defendant-appellee in actions to collect judgments (which had been previously obtained) under an automobile liability policy issued by defendant-appellee.

The evidence in the record before us important to the issues presented by this appeal, viewed in a light most favorable to appellants, is as follows:

Appellee, Nationwide Mutual Insurance Company (Nationwide) issued an automobile insurance policy to "Maryland Seals, Route 3, 659 Lammes Lane, New Carlisle, Ohio." At all times pertinent to this appeal the policy was in full force and effect. In August, 1965, the automobile named on such policy, while being driven by Murl E. Geary who was in the army and stationed at Fort Knox, Kentucky, was involved in an accident with appellants (Tisdales) near Washington, Indiana.

For a period of approximately two months prior to the accident such motor vehicle had been in the custody and control of Raymond Seals who was also in the army and stationed at Fort Knox, Kentucky. The evidence produced at the trial does not show the relationship between the named insured, Maryland Seals, and Raymond Seals who had custody and control of such motor vehicle in Kentucky. Geary had borrowed the motor vehicle from Raymond Seals in the past and was using it with the express permission of Raymond Seals at the time of the accident.

The Tisdales sued Geary and each obtained a judgment. Being unable to collect from Geary, the Tisdales each sued Nationwide to collect the judgments alleging coverage under the policy issued to Maryland Seals. The cases were consolidated for trial, as they have been on appeal, and at the close of the Tisdales' evidence the trial court sustained Nationwide's motion for a directed verdict. The Tisdales timely filed their motion for a new trial asserting that:

1. The decision of the court is not sustained by sufficient evidence and is contrary to law; and

2. The court erred in sustaining defendant's motion, made at the close of plaintiffs' evidence, to instruct the jury to return a verdict for the defendant.

When the trial court overruled their motion for a new trial the Tisdales perfected this appeal.

The transcript does not contain an assignment of errors. Nationwide cites *State ex rel. Spelde* v. *Minker, Trustee, etc.* (1963), 244 Ind. 421, 193 N. E. 2d 365, and asserts that because the motion for a new trial was filed prior to the adoption of the new rules of procedure effective January 1, 1970, the failure to include an assignment of errors in the transcript is fatal and the appeal must be dismissed. However, the motion for a new trial was not overruled until January 8, 1970, and the Tisdales have substantially complied with Rule AP. 7.2, Indiana Rules of Procedure. Rule TR. 84, Indiana Rules of Procedure, is as follows:

> "These rules will take effect on January 1, 1970. They govern all proceedings in actions brought after they take effect *and also all further proceedings in actions then pending,* except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies." (Emphasis supplied.)

In light of the fact that the Tisdales complied with the Indiana Rules of Procedure, which were in effect at the time the motion for a new trial was overruled, Nationwide's contention that the appeal must be dismissed is without merit.

The issue presented by this appeal is: Did the Tisdales fail to establish a prima facie case which would have supported a finding by the jury that Murl Geary, at the time of the accident, was operating such motor vehicle with the permission of Maryland Seals, the named insured?

The Tisdales, in order to recover their judgments from Nationwide, must establish that Geary was within the following policy provision at the time of the accident:

> "C. Property Damage & Bodily Injury—Liability
> "To pay all sums which those entitled to protection become legally obligated to pay as damages * * *,

"(2) * * * Those entitled to protection under these Coverages * * * are * * * and (c) any person or organization legally responsible for the use of the described automobile, provided such use and actual operation was with the permission of the Policyholder or his spouse if such a resident."

The Tisdales agree that their evidence does not support *express* permission but contend that the record establishes a prima facie case of *implied* permission on the part of Maryland Seals for Murl Geary to operate such motor vehicle at the time of the accident.

In support of their position that permission, as used in the policy, may be implied as well as express, the Tisdales cite IC 1971, 27-1-13-7, Ind. Stat. Anno., § 39-4309, Burns' 1965 Repl. While § 39-4309, *supra,* does provide that the permission may be "expressed or implied" the statute is directed at policies "issued or delivered in this state." The policy in the instant case was "issued or delivered" in Ohio, not Indiana. The State of Indiana is without power to prescribe the contents of insurance policies that are issued or delivered outside of its borders.

However, the policy at issue does not require *express* permission, therefore, even without the aid of § 39-4309, *supra,* if the Tisdales established a prima facie case of *implied* permission bringing Geary within the ambit of coverage provided by the policy the judgment of the trial court must be reversed. *American Employers' Ins. Co.* v. *Cornell* (1948), 225 Ind. 559, 564, 76 N. E. 2d 562.

Nationwide asserts that the hiatus in the proof of permission is between Maryland Seals and Raymond Seals, *i.e.,* there is a total lack of evidence, or legitimate inferences to be drawn therefrom, upon which the jury could have found implied permission on the part of Maryland Seals for Raymond Seals to use the automobile. The trial court agreed with this contention and directed a verdict in accordance therewith.

The record reveals that Raymond Seals had custody and control of a motor vehicle for approximately two months at

Fort Knox, Kentucky. Such vehicle was insured with Nationwide by Maryland Seals. The precise question to be decided is: Does the evidence above, or any legitimate inferences that may be drawn therefrom, constitute some evidence on the issue of implied permission by Maryland Seals for Raymond Seals to use the vehicle? The answer must be in the affirmative. Although a bare minimum of evidence was presented at the trial, it cannot be said—as a matter of law—that the Tisdales did not establish a prima facie case. It is only when there is a total absence of evidence of legitimate inference on a material point that a directed verdict is proper. *Gwaltney Drilling, Inc.* v. *McKee* (1970), 148 Ind. App. 1, 259 N. E. 2d 710, 22 Ind. Dec. 48; *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 122 N. E. 2d 734.

The fact that the automobile insured by Maryland Seals was in the custody and control of a person with the same last name at Fort Knox, Kentucky, is sufficient circumstantial evidence on which the jury could have found implied permission to use the automobile. The reasonable inference, most favorable to the Tisdales, is that Maryland Seals, the named insured, consented to the use of the automobile by another person with the same last name at Fort Knox, Kentucky. Thus, a prima facie case of implied permission was made and there is not a complete void as asserted by Nationwide and found by the trial court.

Furthermore, no restrictions on the use of the automobile by Raymond Seals being shown, the jury would have been justified in concluding that the broad permission implied from the circumstances included authority to delegate permission to Geary, which was done expressly.

Of course, the possession of the automobile may have been unlawful or there may have been express restrictions on the use of the automobile, but these matters would be of defense and Nationwide would have the burden of going forward with evidence.

In light of the constitutional[1] right to trial by jury in all civil cases our courts have restrained from directing a verdict unless a total lack of evidence upon some essential ██ issue is manifest. *Bradford* v. *Chism* (1963), 134 Ind. App. 501, 186 N. E. 2d 432 (transfer denied) ; *Leader* v. *Bowley* (1961), 132 Ind. App. 528, 178 N. E. 2d 445.

Judgment reversed with instructions to grant appellants' motion for a new trial.

Sharp and White, JJ., concur; Staton, J., concurs in result.

NOTE.—Reported in 269 N. E. 2d 390.

1. Constitution of Indiana, Article 1, § 20.