STEPHEN R. MILLEN AND WALTER D. MILLEN *v.* MELVIN E. DORRAH AND EMPLOYEES COMMERCIAL UNION INSURANCE COMPANY.

[No. 1-474A59. Filed September 11, 1974.]

*Vernon J. Petri,* of Spencer, for appellants.

*Don M. Robertson,* of Bloomington, for appellees.

LOWDERMILK, J.—This appeal comes to us presenting one issue for review, i.e., whether or not the court's dismissal of the plaintiff's amended third party beneficiary complaint for damages was contrary to law.

The action is the result of an automobile collision which occurred in Monroe County, Indiana, between an automobile operated by appellant, Stephen R. Millen, and an automobile operated by one Gary Hash. The automobile operated by Mr. Hash had been purchased and paid for by Shirley Staley, nee Casey, and titled in the name of her father, Melvin E. Dorrah, in the State of Louisiana. The car was insured in Mr. Dorrah's name through either the Employees Commercial Union Insurance Company or Employers Fire Insurance Company of Boston, Massachusetts, and the premium was paid by Mrs. Staley, nee Casey.

Mr. Millen's father, Walter D. Millen, also brought an action against the same defendants. The suits were consolidated and Gary Hash was defaulted, after which evidence was heard and a judgment awarded Stephen R. Millen in the amount of $20,000 and to Walter D. Millen in the amount of $10,000 and expenses incurred and to be incurred on his minor son, Stephen.

After recovering the judgment it was determined that Mr. Hash was, in fact, a pauper and the instant suit was instituted against the insurer of the vehicle Hash had been driving at the time of the collision.

There were many legal ramifications that were finally resolved to the point where appellants proceeded on the amended

fourth paragraph of reinstated third party beneficiary complaint for damages wherein appellants set out there were money judgments against Hash and alleged "but that said judgments remain and will remain unpaid and unsatisfied."

Defendant-appellee insurance company contends the said complaint should be dismissed for the reason it is defective as it failed to explicitly allege that Mr. Hash was "judgment proof."

The court, after hearing argument on this issue, ordered the dismissal of the reinstated amended third party beneficiary complaint for damages of Walter D. Millen, with prejudice.

Appellants timely filed their motion to correct errors and in addition thereto motion for relief from judgment, together with memorandum, which motions were both denied by the court.

It is only the case of Walter D. Millen that is presently before this court on appeal.

Appellant relates that appellee's motion to dismiss is based solely on the fact that plaintiff-appellant failed "to state a cause of action upon which relief may be granted under TR. 12(B) (6) for the sole reason that plaintiff-appellant failed to allege the words 'judgment proof.' "

Appellant urges that appellee's contention is under the assumption that Indiana law requires that Mr. Hash (driver of appellee's automobile at the time of collision) *must* have been alleged to have been "judgment proof" in the complaint. This appellant vigorously denies, and relies on IC 1971, 27-1-13-7, Ind. Ann. Stat. § 39-4309 (Burns 1965 Repl.)

Appellee insurance company urges with equal vigor that the above statute is not applicable to the case at bar inasmuch as the insurance contract was issued in the State of Louisiana.

Judge Hoffman of this court, in *Tisdale* v. *Nationwide Mutual Ins. Co.* (1971), 148 Ind. App. 670, 269 N.E.2d 390, 392, in discussing the above statute as to express or implied permission, said that the statute is directed to policies "issued or delivered in this state." He further concluded "The State of Indiana is without power to prescribe the contents of insurance policies that are issued or delivered outside of its boundaries."

This court need not concern itself with the holding in *Tisdale, supra,* or IC 1971, 27-1-13-7, *supra,* for the reason that the policy issued herein has an express provision covering direct actions against the company, the pertinnet parts being as follows, to-wit:

"7. Action Against Company—Part 1: No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor shall an action lie under the Liability Coverage until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability, nor shall the company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder."

We readily conclude that the policy itself provides for the suit against the insurance company under the evidence presented to the trial court. The amended third party beneficiary complaint alleges sufficient facts to state a cause of action under the policy and these facts must be taken as true for purposes of the complaint. *Sanders* v. *Stewart* (1973),

157 Ind. App. 74, 298 N.E.2d 509. Thus, the ruling of the trial court is erroneous to the extent that it requires reversal of the cause as the foreign policy itself did provide that the insurance company could be sued by third parties who have obtained a judgment against an insured.

Reversed and remanded.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 316 N.E.2d 403.