PITTS ET AL. *v.* MILLS ET AL.

[No. 1-674A91. Filed September 16, 1975.]

*Frank E. Spencer,* Indianapolis, for appellants.

*Allen F. Wharry, Hollingsworth, Martin & Buchanan, Peter L. Obremskey, Parr, Richey, Obremskey, Pederson & Morton,* Lebanon, for appellee.

LYBROOK, J.—Plaintiffs-appellants Jayne L. Pitts *et al.* appeal from the dismissal of their complaint for declaratory judgment and mandate against defendants-appellees Louis Mills *et al.* The following issues are presented for review:

(1) Whether the trial court erred in dismissing plaintiffs' action for mandate.

(2) Whether the trial court erred in dismissing plaintiffs' action for declaratory judgment.

(3) Whether the trial court abused its discretion in denying plaintiffs' motion for leave of court to amend complaint by adding a second paragraph.

The dispute herein concerns plaintiffs' challenge to the act of defendant Town Board of Zionsville in annexing to the town an eight acre tract, and the contemporaneous act of the Zionsville Plan Commission in recommending to the Town Board that the tract be zoned for multi-family dwellings. Plaintiffs' disagreement with the above acts of defendants

resulted in the filing of a complaint for declaratory judgment and mandate on July 20, 1972. Omitting formal parts, the complaint reads in pertinent part as follows:

### "COMPLAINT AND PETITION FOR DECLARATORY JUDGMENT AND MANDATE

Comes now the plaintiffs and for their cause of action allege and say:

1. That all of the plaintiffs herein are residents and taxpayers of Eagle Township either residing in or near the Town of Zionsville.

2. That the defendant, Town of Zionsville, has attempted to annex to the Town of Zionsville and the defendant, Zionsville Plan Commission has attempted to re-zone an eight acre tract . . .

\* \* \*

3. That the procedure leading to annexation of said territory by the Town Board of Zionsville was arbitrary, capricious and illegal.

4. That the Zionsville Plan Commission, which conducted zoning hearings on the subject property prior to annexation proceedings improperly conducted such hearings and improperly recommended zoning for multi-family dwellings to the Zionsville Town Board.

5. That the Zionsville Plan Commission subsequent to a public hearing on zoning for said property, held a private meeting with the petitioners for zoning and annexation to review proposed plans for the apartment development, and excluded remonstrators against the project, who were not and never have been allowed to view any plans or prints for said project.

6. That the Town of Zionsville does not have a complete and accurate survey of the portion of the town's boundaries allegedly adjoining the property in question and therefore may not annex same until and unless said survey is completed.

7. That the plaintiffs will suffer significant decrease in the value of their property should the apartment project be constructed at said location in that it adjoins and abuts single-family dwellings and is an intrusion in an area of exclusively single-family dwellings.

8. The plaintiffs herein deem themselves aggrieved and injuriously affected by the annexation and re-zoning and petition the court to deny the annexation under Indiana law (Burns Ann. Ind. Stat. § 48-722[a]) in that the resi-

dent population of the area sought to be annexed is not equal to at least three (3) persons for each acre of land included in its boundaries, and that the land is not zoned for commercial, business or industrial use, and that 60% of the land is not subdivided. The plaintiffs would show the Court that, in fact, the area sought to be annexed has no residents thereon, and hence pursuant to state law may not be annexed.

9. That under the applicable Indiana Statute it would appear that no person besides the land owner who seeks annexation may remonstrate in the Courts, in this instance, (in that the area sought to be annexed has no resident population) and that the statute governing remonstrators, therefore, is faulty and affords the plaintiffs no apparent right to redress their grievances, and therefore that these plaintiffs petition this Court to allow a hearing on the merits of the complaint under the laws of equity, granting all aggrieved persons a full and proper hearing.

10. That defendants would show this court that under current Indiana statutes requiring residence within the territory sought to be annexed as a basis for remonstrance, that in a case such as this one with no residents within said territory and only one owner who is also the petitioning party desiring annexation, that defendants' (sic) rights, privileges and immunities are abridged. That defendants (sic) petition this court for a declaratory judgment that said Indiana statute is unconstitutional in its application to these plaintiffs in that it is violative of the 14th Amendment to the Constitution of the United States of America, in that procedural due process is not accorded said plaintiffs under a strict interpretation of said statute, or in the alternative that this court find plaintiffs to be proper and lawful remonstrators within the contemplation of the statute.

11. That defendants clearly violated the laws of the State of Indiana in seeking to annex land with no residents thereon, in contravention of the applicable Indiana statute governing annexation.

12. That defendants wholly failed to comply with Indiana statute law governing procedures of annexation.

\* \* \*

15. That plaintiffs petition for a mandate from the Court ordering the Zionsville Plan Commission to confine itself to its lawfully proscribed (sic) jurisdiction of passing on questions of zoning of land within the Town of Zionsville at the time petitions of re-zoning are submitted, and in

addition, mandating it to open all hearings on matters of zoning to the public.

\* \* \*

17. That plaintiffs assert that the apartment project authorized for said land will create inordinate traffic problems and will result in a net tax loss for the community in that said project will cost the community more in school and other civic costs than it will produce in tax revenue.

18. That plaintiffs assert that said multi-family dwelling project violates the community's master planning concepts in that said area is designated for single family dwellings in a community planning study prepared for the use of defendants and others.

WHEREFORE, plaintiffs pray that this Court issue an order denying the annexation of the said property to the Town of Zionsville; that this Court issue an order denying the zoning of said property to the Zionsville Plan Commission; . . . that the Court render a declaratory judgment finding that the applicable Indiana Statute indicating that defendants (sic) who are not residents of the territory sought to be annexed would be non-suited is unconstitutional and violates the 14th Amendment to the Constitution of the United States or in the alternative that the Court render a declaratory judgment finding that the plaintiffs are proper and lawful remonstrators within the contemplation of the applicable Indiana Statute; that the Court mandate the Zionsville Plan Commission to confine itself to its legally prescribed duties and mandating it to open all of its hearings on matters of zoning to the public; and that this Court award plaintiffs their costs and for all other proper relief in the premises."

Thereafter, defendants successfully sought a change of judge, and filed motions to dismiss plaintiffs' complaint on the following grounds:

(1) lack of personal jurisdiction over plaintiffs;

(2) lack of subject matter jurisdiction, and

(3) failure of plaintiffs to state a claim upon which relief can be granted.

On April 6, 1973, the trial court sustained defendants' motions to dismiss plaintiffs' complaint. Thereafter on August 29, 1973, plaintiffs sought leave of court to amend their complaint by adding a second paragraph which was denied by the trial court. On December 4, 1973, the trial court sustained

defendants' motion for judgment and entered judgment dismissing plaintiffs' complaint.

## I.

As apparent from both the caption and body of plaintiffs' complaint, the relief sought was two-fold. Initially, plaintiffs sought to have themselves declared proper and lawful remonstrators within the contemplation of the applicable statutes or in the alternative to have those statutes declared unconstitutional as operating in violation of the due process clause of the Fourteenth Amendment. The propriety of such a request shall be addressed later.

Secondly, plaintiffs sought an order mandating Zionsville Plan Commission to perform its legally prescribed duties. Such a request is governed by IC 1971, 34-1-58-1 (Burns Code Ed.), which provides:

"34-1-58-1 *Actions by complaint and summons substituted for writ of mandate in circuit and superior courts—When mandate and prohibition issued by Supreme Court and Appellate Court.* — Writs of mandate in the circuit and superior courts of this state are hereby abolished, and the causes of action heretofore remedied by means of such writs shall hereafter exist and be remedied *by means of complaint and summons in the name of the state on relation of the party in interest,* in the circuit, superior and probate courts of this state, as other civil actions, and shall be known as actions for mandate. . . ." (Emphasis added.)

It is clear from the above statute that an action for mandate may only be prosecuted in the name of the state on relation of the party in interest. Where this is not done, dismissal of the action is appropriate. *Supreme Court, Etc. on Relation of DeMoss etc.* v. *Daviess Circuit Court* (1962), 243 Ind. 182, 183 N.E.2d 607; *Meek* v. *Baker* (1951), 229 Ind. 543, 99 N.E.2d 426; *Casey* v. *Murray* (1951), 229 Ind. 545, 99 N.E.2d 426; *Board of Public Safety of the City of Muncie et al.* v. *Walling et al.* (1933), 206 Ind. 540, 187 N.E. 385. Stated differently, an action to require a public official or body politic to perform a duty required by

law can only be maintained in the name of the state on relation of the part in interest. *State ex rel. Anderson* v. *Brand, Trustee* (1938), 214 Ind. 347, 13 N.E.2d 955. The reasons for such a requirement were discussed in *Board of Public Safety of the City of Muncie et al.* v. *Walling et al., supra:*

> "Express statutory provision requires actions for mandate to be brought in the name of the state on the relation of the party in interest. It is legally impossible for an action of mandate to be prosecuted by one in his individual and personal capacity. The statute requires the State of Indiana to be included. This is not a mere nominal requirement; it is a statutory recognition of the fact that the State has an interest in the particular type of relief which is secured in an action of mandate. In a sense the State is allowing an individual to enforce in the name of the State a remedy which the individual, as such, is not entitled to have. Since the relators in their individual capacity were not, and could not be, parties to this suit below, they cannot be made parties appellee in the face of the express provision of the statute denying to them the capacity to prosecute this action of mandate.

> "Appellees' motion to dismiss is sustained." (Footnote omitted.)

Since plaintiffs' complaint was prosecuted in their individual capacities the trial court did not err in dismissing the complaint as to the action of mandate. The basis for the dismissal, however, is not lack of subject matter or personal jurisdiction as defendants advocate. Rather, it is based upon the familiar principle that one who seeks the benefit of a statutory proceeding must comply with *all* procedural terms of the statute. *State ex rel. Wilson* v. *Howard Circuit Court* (1957), 237 Ind. 263, 145 N.E.2d 4. Failure to comply with such procedural requirements will subject the complaint or equivalent pleading to dismissal for failure to state a claim upon which relief can be granted pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6). *State ex rel. Young* v. *Noble Circuit Court et al.* (1975), 263 Ind. 353, 332 N.E.2d 99.

## II.

As previously noted, in addition to seeking mandate, plaintiffs' complaint sought declaratory relief on alternative grounds. As such, the action is subject to the limitations and requirements of the Uniform Declaratory Judgment Act found at IC 1971, 34-4-10-1 *et seq.* (Burns Code Ed.). A primary requirement of that Act is that the plaintiffs demonstrate that they have standing for the relief requested. To that end, IC 1971, 34-4-10-2 (Burns Code Ed.), provides:

> "*Who may have determination and obtain declaration.*—Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

The question of standing within the purview of this statutory provision was recently discussed in *City of Mishawaka* v. *Mohney* (1973), 156 Ind. App. 668, 297 N.E.2d 858, wherein Judge Hoffman stated:

> "However, in order to obtain such relief, Mishawaka must demonstrate that it has standing within the purview of the above statutory provisions. *City of Hammond* v. *Board of Zoning Appeals* (1972), [152] Ind. App. [480], 284 N.E.2d 119; *Montagano* v. *City of Elkhart* (1971), [149] Ind. App. [283] 271 N.E.2d 475.
>
> "*Zoercher* v. *Agler* (1930), 202 Ind. 214, at 221, 172 N.E. 186, at 189, 70 A.L.R. 1232, has stated criteria for standing under the Uniform Declaratory Judgment Act, *supra:*
>
> " '[T]he person bringing the action must have a substantial present interest in the relief sought, such as there must exist not merely a theoretical question or controversy but a real or actual controversy, or at least the ripening seeds of such a controversy, and that a question has arisen affecting such right which ought to be decided in order to safeguard such right.' (Footnote omitted.)
>
> "The plaintiffs seeking such relief must show that their 'rights, status or other legal relations' will be directly affected by the enforcement of the ordinances in question.

*Portland Web Pressmen's Union* v. *Oregonian Pub. Co.* (D.C. Or. 1960), 188 F. Supp. 859, aff'd. 286 F.2d 4, cert. denied, 366 U.S. 912, 81 S. Ct. 1086, 6 L. Ed. 2d 237; *State ex rel. Chilcutt* v. *Thatch* (1949), 359 Mo. 122, 221 S.W.2d 172.

"In Anderson on Declaratory Judgments, Vol. 1, 2d Ed., p. 66, it is stated:

" 'In order to invoke the jurisdiction of the court under the declaratory judgment statute, there must be an actual, existing justiciable controversy between the parties, having opposing interests, which interests must be direct and substantial, and involve an actual, as distinguished from a possible, or potential dispute; the act may not be used for the purpose of obtaining purely advisory opinions from the court.' (Footnote omitted.)"

Plaintiffs herein are seeking to have themselves declared proper and lawful remonstrators within the contemplation of IC 1971, 18-5-10-24 (Burns Code Ed.), which provides in pertinent part:

*"Remonstrance against annexation—Procedure for filing.*— Whenever territory is annexed to a city, whether by general ordinance defining the city boundaries or by special ordinance for the purpose of annexing territory, *an appeal may be taken from the annexation by either a majority of the owners of land in the territory or by the owners of more than seventy-five per cent [75%] in assessed valuation of the real estate in the territory,* if they deem themselves aggrieved or injuriously affected, by filing their remonstrances in writing against the annexation, together with a copy of the ordinance, in the circuit or superior courts of the county where the territory is situated or with the judge thereof in vacation within sixty [60] days after the last publication provided for in section 402 [18-5-10-20] of this article. The written remonstrance or complaint shall state the reason why annexation should not in justice take place. . . ."[1] (Emphasis added.)

Clearly, the remedy of remonstrance against annexation as provided in IC 1971, 18-5-10-24, *supra,* was not intended by our legislature to be available to any and all persons who deem themselves aggrieved or injuriously affected by an annexation ordinance. Rather, it is

1. This provision is made applicable to Town annexation by virtue of IC 1971, 18-5-10-30 (Burns Code Ed.).

available only to those persons who own land within the territory sought to be annexed and who satisfy the additional requirements of IC 1971, 18-5-10-24, *supra*. Herein, plaintiffs' complaint fails to allege that they are owners of land within the territory sought to be annexed. The complaint further fails to allege sufficient facts to establish the additional requirements of IC 1971, 18-5-10-24, *supra*. Rather, the complaint merely alleges that plaintiffs are residents and taxpayers of Eagle Township either residing in or near the Town of Zionsville. This allegation falls far short of meeting the requirements of IC 1971, 18-5-10-24, *supra*, for remonstrators.

Having failed to allege sufficient facts to establish standing to remonstrate within the contemplation of IC 1971, 18-5-10-24, *supra*, plaintiffs have necessarily failed to demonstrate standing within the purview of the Declaratory Judgment Act. It was not error to dismiss plaintiffs' complaint on this ground.

Plaintiffs' argument, if accepted, would result in chaos in an annexation procedure. Under plaintiffs' viewpoint, the remedy of remonstrance should be available to anyone who for some reason or another does not agree with the action of a municipal corporation in extending its boundaries. This position is untenable at best, for it is well settled that individual property owners of a municipal corporation have no vested interest in the maintenance of the boundaries of the municipal corporation at a particular location. *Forks et al.* v. *City of Warsaw* (1971), 257 Ind. 237, 273 N.E.2d 856; *Woerner, etc.* v. *City of Indianapolis* (1961), 242 Ind. 253, 177 N.E.2d 34. We therefore decline plaintiffs' invitation to construe IC 1971, 18-5-10-24, *supra*, in such a manner that, notwithstanding the express provisions therein, any person who deems himself aggrieved or injuriously affected by an annexation may remonstrate.

## III.

As an alternative to their argument concerning standing to remonstrate, plaintiffs sought to have the annexing ordinance declared invalid for the following reasons:

(1)   The actions of the defendants were illegal for the reason that (a) there was not a resident population of the area sought to be annexed equal to at least three (3) persons for each acre of land in the territory, and (b) the land was not zoned for commercial, business, or industrial use, and (c) 60% of the land was not sub-divided.

(2)   The procedures followed by defendants were in violation of plaintiffs' procedural due process rights.

Quoting from *Montagano et al.* v. *City of Elkhart* (1971), 149 Ind. App. 283, 271 N.E.2d 475, plaintiffs maintain that notwithstanding the question of their standing as remonstrators, they may maintain the instant action for declaratory judgment to challenge the annexation ordinance.  In *Montagano,* the court stated:

"It cannot be seriously questioned that taxpayers of an annexing city who do not qualify as remonstrators can maintain a declaratory judgment suit to challenge an annexation ordinance.  Such suit, however, may only be allowed to proceed where the actions of the city common council in annexing specific territory are clearly or patently illegal, or where the council acts without jurisdiction over the subject matter, or where there is an unmistakable abuse of discretion in the council's decision to annex, or where wastage of public funds is present or imminent and is something more than furnishing of the normal services and facilities attendant legal annexation . . ."

We do not dispute plaintiffs' claim that taxpayers of an annexing city may in some instances, procure relief via declaratory judgment from an ordinance annexing contiguous territory and, for reasons hereinafter stated, we find that plaintiffs' complaint alleges sufficient facts which, if true, bring plaintiffs' action within the guidelines of *Montagano.*

Plaintiffs' allegation that the action of the Town Board was illegal is predicated upon the assertions in the complaint that

the resident population of the area sought to be annexed is not equal to at least three persons for each acre, that the land is not zoned for business, commercial, or industrial use, and that 60% of the land is not subdivided. Plaintiffs argue that since none of these three criteria exist, it was patently illegal for the Town Board to annex the territory. Resolution of this argument necessitates inspection of IC 1971, 18-5-10-32 (Burns Code Ed.), which provides :

> *"Requirements to be met.*—Town annexation shall not be sustained on appeal unless the following requirements have been met:
>
> (a) The resident population of the area sought to be annexed is equal to at least three [3] persons for each acre of land included within its boundaries or that the land is zoned for commercial, business, or industrial uses or that sixty per cent [60%] of the land therein is subdivided; and
>
> (b) At least one-eighth [1/8] of the aggregate external boundaries of the territory sought to be annexed coincide with the boundaries of the annexing town; and
>
> (c) The annexing town has developed a fiscal plan and has established a definite policy to furnish the territory to be annexed within a period of three [3] years, governmental and proprietary services substantially equivalent in standard and scope to the governmental and proprietary services furnished by the annexing town to other areas of the town which have characteristics of topography, patterns of land utilization and population density similar to the territory to be annexed.
>
> If, however, the evidence does not establish all three [3] of the foregoing factors the court shall sustain the remonstrance and deny the annexation unless the area although not meeting the conditions of factor (a) supra is bordered on one-fourth [1/4] of its aggregate external boundaries by the boundaries of the town and is needed and can be used by the town for its future development in the reasonably near future, the court may order the proposed annexation to take place notwithstanding the provisions of any other law of this state. The laws providing for change of venue from the county shall not apply, but changes of venue from the judge may be had as in other cases. Costs shall follow judgment. Pending the appeal, and during the time within which the appeal may be taken, the territory sought to be annexed shall not be deemed a part of the annexing town."

While we recognize that the requirements enumerated in IC 1971, 18-5-10-32, *supra,* were intended by the legislature to apply in the event of a properly prosecuted remonstrance, the question implicitly raised by plaintiffs under this issue is whether those requirements are applicable to the decision of the Town Board in an annexation procedure so as to constitute a basis of patent illegality under the guidelines of *Montagano, supra,* where one or more of the requirements do not exist. In our opinion, this question must be answered affirmatively.

Defendants quote from IC 1971, 18-5-10-25 (Burns Code Ed.) as being the authority from which plaintiffs derived their argument concerning the three criteria above enumerated. However, that statute applies to remonstrance from annexation to a *city* and is therefore inapplicable to the case at bar. Instead, the language of IC 1971, 18-5-10-32, *supra,* controls. The first clause of that provision is dispositive of the issue raised by plaintiffs. It reads

"Town annexation shall not be sustained on appeal unless the following requirements have been met:"

Construing this language in an operative manner leads to the inescapable conclusion that the legislature intended that the requirements of IC 1971, 18-5-10-32, *supra,* be applicable to and binding upon the decision of annexation by towns in the State of Indiana. It logically follows that unless those requirements have been met, it is patently illegal for a Town Board to enact an annexation ordinance.

Applying the above discussion to the case at bar, we conclude that plaintiffs' complaint alleged sufficient facts to survive defendants' motions to dismiss and that the trial court's contrary ruling must be set aside. In reaching this conclusion the following language of *State* v. *Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604, controls:

"This Court has noted that in a typical 12 (B) (6) situation, a complaint is not subject to dismissal unless it *appears to*

*a certainty* that the plaintiff would not be entitled to relief under *any set of facts. Sacks* v. *American Fletcher National Bank and Trust Co.* (1972), [258] Ind. [189], 279 N.E.2d 807. See also *Gladis* v. *Melloh* (1971), [149] Ind. App. [466], 273 N.E.2d 767; *Wyant* v. *Lobdell* (1972), [150] Ind. App. [675], 277 N.E.2d 595. The rules do *not* require that the complaint state all the elements of a cause of action. It must be remembered that our new rules are based on so-called notice pleadings in which a plaintiff essentially need only plead the operative facts involved in the litigation. Other means less drastic than dismissal of the action can be used to clarify the theory and basis for the cause of action. Among these are a Motion for a more definite statement under TR. 12(E), our very broad discovery rules, and the pre-trial conference under TR. 16 (A) (1). We might note that certain cases from the Court of Appeals apparently state that the plaintiff is required to state in his complaint the theory upon which his claim is based. See, for instance, *Cheathem* v. *City of Evansville* (1972), [151] Ind. App. [181], 278 N.E.2d 602. Although a statement of the theory may be highly desirable it is not required."

Further, in determining the sufficiency of a complaint for purposes of a TR. 12(B)(6) motion to dismiss, the facts alleged therein must be taken as true. *Sanders* v. *Stewart* (1973), 157 Ind. App. 74, 298 N.E.2d 509; *Millen* v. *Dorrah* (1974), 161 Ind. App. 430, 316 N.E.2d 403. Thus, the allegations of plaintiffs' complaint, taken as true, reveal that requirement (a) of IC 1971, 18-5-10-32, *supra,* has not been met, and further that an accurate survey has not been completed so as to enable the Town's action to fall within the exception to requirement (a) of IC 1971, 18-5-10-32, *supra.* These allegations were sufficient to notify defendants, as well as the trial court, of the nature of plaintiffs' action and were sufficient to withstand defendants' motions to dismiss under our liberalized rules of notice pleading. *State* v. *Rankin, supra.*

Having determined that plaintiffs' complaint for declaratory judgment was sufficient under the tests of *Montagano* and *Rankin,* we need not address plaintiffs' arguments concerning whether their procedural due process rights were

violated and whether the trial court abused its discretion in denying plaintiffs' request to amend their complaint. This cause must be and is hereby reversed and remanded for further proceedings on plaintiffs' allegation of illegality in the actions of defendants in annexing territory where the requirements of IC 1971, 18-5-10-32, *supra,* have allegedly not been met. The judgment below is affirmed as to dismissing plaintiffs' action for mandate and as to dismissing plaintiffs' action to be declared proper and lawful remonstrators under IC 1971, 18-5-10-24, *supra.*

Affirmed in part, reversed and remanded in part.

Robertson, C.J., and Lowdermilk, J., concur.

NOTE.—Reported at 333 N.E.2d 897.