Wayne E. SINN, Appellant (Plaintiff Below),

v.

Gordon FAULKNER, Director, Indiana Department of Correction, Cloid L. Shuler, Deputy Director, Indiana Department of Correction, Norman G. Owens, Superintendent, Indiana Reformatory, P. Dollar, Correctional Officer, Indiana Reformatory, and Indiana Department of Correction, Appellees (Defendants Below).

No. 2–585A156PS.[1]

Court of Appeals of Indiana, First District.

Dec. 18, 1985.

**1.** Diverted from the Second District by direction of the Chief Judge.

Wayne E. Sinn, No. 2097, pro. se.

Linley E. Pearson, Atty. Gen., Sabra A. Weliever, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellees (defendants below).

ROBERTSON, Judge.

Plaintiff-appellant Wayne Sinn (Sinn) appeals from a judgment dismissing his complaint against defendants-appellees Gordon Faulkner, Cloid Shuler, Norman Owens, P. Dollar and the Indiana Department of Correction. (State).

We affirm.

Sinn, an inmate at the Indiana Reformatory, brought suit against the State, alleging that he had received improper medical care during his incarceration. Along with his complaint, Sinn mailed a "Verified Motion to Proceed in Forma Pauperis." The trial judge granted Sinn's motion on June 18, 1984, and the order and complaint were file stamped by the clerk of the court on June 19, 1984.

On August 13, 1984, the State filed a motion to dismiss based on the statute of limitations. The motion to dismiss was granted on August 27, 1984. Sinn filed a response to the State's motion to dismiss on September 7, 1984.

Two issues are raised on appeal:

1) Whether the trial court erred in ruling on the State's motion to dismiss before Sinn responded to the motion;

2) Whether the trial court erred by finding that Sinn had failed to comply with the statute of limitations.

ISSUE ONE:

For his first issue, Sinn asserts that the trial court erred by dismissing his complaint before twenty days had passed during which Sinn could respond to the State's motion to dismiss. Sinn's assertion is based upon the erroneous assumption that Trial Rule 6(C) of the Indiana Rules of Procedure applies to responses to motions to dismiss. Trial Rule 6(C) provides, "A responsive pleading required under these rules, shall be served within twenty [20] days after service of the prior pleading." The term "pleading" includes a complaint, an answer, a reply to a denominated counterclaim, an answer to a cross-claim, a third-party complaint and a third-party answer. Ind. Rules of Procedure, Trial Rule 7(A). A response to a motion to dismiss is not a "pleading" within the purview of T.R. 6(C).

Sinn presents the following syllogism as additional support for his stance that he had twenty days in which to respond to the State's motion to dismiss:

1. The opponent to a summary judgment motion has twenty days to file responsive affidavits.

2. A motion for summary judgment is functionally equivalent to a motion to dismiss.

3. Therefore, the opponent to a motion to dismiss has twenty days to file a response.

Sinn's logic is flawed because the first premise of his argument is false. The opponent to a summary judgment motion does not have a twenty-day period in which to respond. A motion for summary judgment must be served at least ten days before the time fixed for the hearing, and opposing affidavits must be served prior to the date of the hearing. Ind. Rules of Procedure, Trial Rule 56(C). Conceivably, an opponent to summary judgment could have only nine days to file responsive affidavits. Sinn's argument that the time period for responding to a motion to dismiss is the same as the time period for responding to a summary judgment motion does not support a finding of error in the instant case. Fourteen days elapsed between the filing of the motion to dismiss and the ruling on that motion.

Finally, Sinn avers that an opportunity to be heard is required given either a summary judgment motion or a motion to dismiss. In *Otte v. Tessman*, (1981) Ind., 426 N.E.2d

660, the Indiana Supreme Court stressed that a trial court must follow the mandate of Trial Rule 56, which provides that the court fix a time for a hearing on a motion for summary judgment before ruling on the motion. In contrast, the supreme court noted in *Sacks v. American Fletcher National Bank & Trust Co.*, (1972) 258 Ind. 189, 279 N.E.2d 807, that the rules contain no indication that a hearing on a 12(B) motion to dismiss is required. Sinn's final averment is unpersuasive. Sinn has not demonstrated error in the trial court's ruling on the motion to dismiss prior to the expiration of twenty days.

ISSUE TWO:

 The second issue presented for review challenges the lower court's determination that Sinn did not comply with the statute of limitations. The parties agree that the last day Sinn could file his complaint was June 18, 1984, because the statute of limitations ran on Sunday, June 17, 1984. Sinn concedes that the complaint was file stamped June 19, 1984. The failure to comply with procedural requirements, such as the statute of limitations, will subject a complaint to dismissal for failure to state a claim upon which relief can be granted. *Middelkamp v. Hanewich*, (1977) 173 Ind.App. 571, 364 N.E.2d 1024; *Pitts v. Mills*, (1975) 165 Ind.App. 646, 333 N.E.2d 897.

Sinn hypothesizes in his brief that the clerk of the court in fact received the complaint on June 12, 1984, and fraudulently stamped it with the later date. However, no affidavits were submitted to the trial court and no evidence was heard on the State's motion to dismiss. When matters outside the pleadings are not submitted to the trial court, a motion to dismiss for failure to state a claim can be granted where it is clear from the face of the complaint that under no circumstances could relief be granted. *Lamberson v. Crouse*, (1982) Ind.App., 436 N.E.2d 104. The face of the complaint, file stamped on June 19, 1984, shows that Sinn was not entitled to relief because he did not comply with the statute of limitations.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.